BENJAMIN B. WAGNER
United States Attorney
MICHAEL G. TIERNEY
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

MAUREEN CAIN
Trial Attorney
U.S. Department of Justice
Criminal Division
Child Exploitation & Obscenity Section
1400 New York Avenue NW, Suite 600
Washington, D.C. 20530
Telephone: (202) 514-5780

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-00041 LJO-SKO |
|---|---|
| Plaintiff, | PROTECTIVE ORDER CONCERNING DIGITAL MEDIA CONTAINING CHILD PORNOGRAPHY |
| v. | |
| BRIAN CAPUTO, | Hon. Lawrence J. O'Neill |
| Defendant. | |

ORDER

IT IS HEREBY ORDERED AS FOLLOWS:

1.      An agent with the Federal Bureau of Investigation (FBI), or another law enforcement officer shall make a duplicate copy of the cellular phone(s) and any other storage media found to contain contraband for defense analysis.

2.      The duplicate copies of the digital evidence shall be made available for defense counsel, Victor Chavez, and defendant's proposed expert, Marcus Lawson or a colleague at the same employer

1

(Global CompuSearch), to review at the Sacramento, California FBI office or other law enforcement office designated by the FBI for the purpose of preparing for trial in the above-entitled action. The digital copy shall not be viewed by any other person unless defense counsel is present and the viewing is necessary to prepare for defendant's defense.

3. A room on the premises of the law enforcement office where the examination takes place will be provided for the defense examination.

4. The expert will be permitted to bring whatever equipment, books or records he believes necessary to conduct the examination.

5. Neither the defense expert nor defense attorney shall remove the cellular phone(s) or other storage media from the law enforcement office where it will be made available for examination.

6. With the exception of materials which would be considered child pornography under federal law (including visual images and data capable of conversion into a visual image), the expert may download and remove files or portions of files, provided the forensic integrity of the imaged storage media is not altered. The expert will certify in writing (using the attached certification) that he or she has taken no materials which would be considered child pornography or capable of being converted into child pornography (under federal law) from the law enforcement office, and that he or she has not caused any child pornography to be sent off site, including by electronic transfer of files.

7. Except when a defense expert fails to provide this certification, no government agent, or any person connected with the government, will examine or acquire in any fashion any of the items used by the expert in order to conduct the defense analyses. Should a defense expert fail to certify that he or she has not copied or removed child pornography, or data capable of being converted into child pornography, government officials may then inspect or examine the materials, including the other storage media provided for defense review, in order to ensure that prohibited child pornography has not been removed.

8. When the defense indicates that it is finished with its review of the copied storage media, the storage devices shall be "forensically wiped" unless the defense requests that they be preserved for future review or use.

9. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

IT IS SO ORDERED.

Dated:  **February 26, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

## CERTIFICATION

I, _____, certify under penalty of perjury that I have not copied or removed any image(s) of child pornography or data capable of being converted into images of child pornography, or caused the same to be transferred electronically (or by any other means) to any location, during the course of my review of the evidence in this case.

Date:_____                    _____