1

```
               UNITED STATES DISTRICT COURT

             EASTERN DISTRICT OF CALIFORNIA

                HON. LAWRENCE J. O'NEILL


 UNITED STATES OF AMERICA,    )
                              ) 1:14-cr-041 LJO-SKO
           Plaintiff,         )
                              ) TRIAL SETTING CONFERENCE
      vs.                     )
                              )
 BRIAN CAPUTO,                )
                              )
           Defendant.         )
 _____)
```

Fresno, California                    Monday, March 2, 2015


REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL**:

For the Government:        **MICHAEL TIERNEY**
                           Assistant U.S. Attorney
                           2500 Tulare Street, Rm. 4401
                           Fresno, California  93721

For the Defendant:         FEDERAL DEFENDER'S OFFICE
                           2300 Tulare Street
                           Suite 330
                           Fresno, CA  93721
                           BY:  **VICTOR CHAVEZ**
                                **JEROME PRICE**,
                                Assistant Federal Defenders



REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

Proceedings recorded by mechanical stenography, transcript
produced by computer-aided transcription.

```
 1   Monday, March 2, 2015                        Fresno, California
 2   8:15 a.m.
 3           THE COURT:  Thanks, everyone.  Please be seated.
 4           Let's call the case of Brian Caputo, Action Number
 5   41.
 6           MR. TIERNEY:  Good morning, your Honor.  Michael
 7   Tierney for the United States.
 8           THE COURT:  Good morning.
 9           MR. CHAVEZ:  Good morning, your Honor.  Victor Chavez
10   and Jerome Price on behalf of Brian Caputo, and Mr. Caputo is
11   present, in custody.
12           THE COURT:  Good morning.  What are we going to do?
13           MR. CHAVEZ:  Well, your Honor, I think we want to let
14   you know what has transpired since our last court appearance.
15           We have retained a forensic examiner, and the
16   indication from his office is that he can perform, he can come
17   to Sacramento and perform the examination during the month of
18   March.
19           We wanted him to come in February, but he is the guy
20   that had surgery, the rotator cuff surgery.  Then he had a
21   problem, had to have it again, so according to his office, he
22   was -- a lot of court dates had to be juggled and they can't
23   do it until sometime in March.
24           And I still don't have the precise date, but I do
25   know that the examiner's office has been placed in contact
```

1 with the case agent, and they are going to arrange for that to
2 occur. It happens at the FBI office in Sacramento.
3 And to that end, we have put in place a protective
4 order.
5 In addition, we have retained another expert. He is
6 a neuropsychologist. And tentatively, his examination is, we
7 expect -- we have an appointment for March 23rd, and that was
8 his first available appointment.
9 In addition, I could indicate that Friday afternoon,
10 we received approximately 7,000 pages of discovery. Now, I
11 haven't seen it, but I'm pretty confident that it is, as I
12 understand it, Facebook, you know, metadata reports about what
13 was on some different e-mails. And I also expect that part of
14 it includes, I think, at least a partial forensic examination
15 of my client's cell phone. So we got that late Friday.
16 I think from our perspective, I mean we need to have
17 the forensic examination take place and then be able to confer
18 with our expert and digest that and determine what that means.
19 And, secondly, we need to have the psych,
20 psychological examination occur, and then be able to get the
21 results and see where that takes us.
22 I mean I just don't know. I don't know. So, your
23 Honor, I believe that it would be appropriate to return for
24 further status conference in mid-May.
25 THE COURT: This case is a year old. We have to set

1  a trial date.  Tell me how long you need, because we have got
2  to get on your calendars.  Otherwise, all we do is put it out
3  several months, and then we are facing the same problem we
4  face on your busy calendars.
5         MR. CHAVEZ:  Okay.  Well, your Honor, I don't think
6  the case is ripe to be set, but I understand the Court's
7  decision that it is better to have a date to work forward to,
8  and I don't have a problem with that.
9         THE COURT:  Just be realistic about what you think.
10         MR. CHAVEZ:  If we could confer a moment.
11         THE COURT:  Yes.
12     (Counsel conferred off the record.)
13         MR. CHAVEZ:  Your Honor, I would suggest that we set
14  a trial date in March of 2016.
15         THE COURT:  If we go out that far, there is no way it
16  is going to be changed.
17         MR. CHAVEZ:  Understood, your Honor.
18         THE COURT:  What's the government's position?
19         MR. TIERNEY:  Your Honor, the government has no
20  objection to that.  I just -- I think the defense has good
21  reasons for wanting it out that far, given what they have said
22  about the forensic exam and their pending physical and mental
23  exam of the defendant.
24         I just want to make sure that, you know, the defense
25  confirms that all of those reasons play into its request for

1 | that date and that the Court is willing to exclude time from
2 | this date until then for those purposes.
3 |     THE COURT: How about March 1?
4 |     MR. TIERNEY: That's fine with the government.
5 |     MR. CHAVEZ: That's fine, your Honor.
6 |     THE COURT: Okay. Then March 1, 2016. Time --
7 | everybody agrees that time is waived and excluded because of
8 | the reasons you just indicated coupled with availability of
9 | counsel?
10 |     MR. CHAVEZ: Yes, your Honor.
11 |     THE COURT: Agreed?
12 |     MR. TIERNEY: Yes, your Honor.
13 |     And then I think there is just perhaps one last thing
14 | to ask the Court for, and that is about the physical and
15 | mental exam of the defendant.
16 |     I understand from defense counsel that they have
17 | scheduled an expert to come to their office on March 23rd.
18 | And their request is that the defendant be released to the
19 | third-party custodian of their investigator for that day in
20 | order that the exam take place.
21 |     The government does not have an objection to that
22 | request.
23 |     And then there is one quick other issue related to
24 | the exam. So we would ask the Court to issue a minute order
25 | to that effect. If the Court would like a written order and

1  stipulation, we can prepare that and submit it.
2          THE COURT:  No.  The record here is enough and we
3  will do a minute order.
4          So you want him released on what date?  Do we know?
5          MR. PRICE:  Yes, your Honor, it is actually
6  March 23rd.
7          THE COURT:  March 23rd, 8:00 a.m.
8          MR. PRICE:  Yes.
9          THE COURT:  Be returned no later than 5:00 p.m.?
10         MR. PRICE:  Your Honor, I believe because of the
11 Lerdo schedule, it would have to be 3:00 p.m.
12         THE COURT:  Does that work?
13         MR. PRICE:  I think that would work.
14         THE COURT:  Well, all I'm saying is if it doesn't
15 work, then he will have to be housed at Fresno.
16         MR. PRICE:  Okay.  That would work, and then take the
17 next -- I guess the marshals will determine how he gets back
18 to Lerdo.
19         THE COURT:  What time does the bus get in from Lerdo?
20         MARSHAL:  Usually 7:30.
21         THE COURT:  Released from here at 8:00, and then no
22 later than 3:00 o'clock if he is going back to Lerdo.  If he
23 doesn't make the bus at 3:00, then no later than 5:00 p.m., at
24 the Fresno County Jail.
25         MR. PRICE:  Okay.

1          THE COURT:  Who is the investigator?
2          MR. PRICE:  Your Honor, it is going to be Victor
3    Gonzalez.  He is present in court today.
4          THE COURT:  You are Mr. Victor Gonzalez?
5          INVESTIGATOR VICTOR GONZALEZ:  Yes, your Honor.
6          THE COURT:  You understand, of course, that that
7    means that it would only be for the purpose of picking him up,
8    making sure that he goes to the Federal Defender's Office for
9    the purpose of the evaluation, and if there is time left over,
10   it doesn't mean he continues to be out.  It means he has to be
11   returned immediately.
12         INVESTIGATOR VICTOR GONZALEZ:  Yes, your Honor.
13         THE COURT:  Done.
14         MR. TIERNEY:  The other thing related to the exam is
15   I have talked with defense counsel about making a record
16   regarding this exam.
17         They have indicated that -- and I don't want to put
18   words in their mouth, so if I'm saying anything wrong, please
19   correct me -- that the defendant has a number of physical and
20   mental conditions that they would like to get checked out.
21         What I want to make sure is that they place on the
22   record that at the current time -- who knows what the exam
23   might say, but at the current time, they have no reason to
24   doubt his competency based on their interactions with him.
25         Because we might not ever hear what the result of

8

1  this exam is, I want to make sure that it is not floated out
2  there that he has mental issues and then those are never
3  resolved in a formal way and we don't have a chance to have
4  the Bureau of Prisons do an assessment on him.
5          THE COURT:  I'm not hearing an incompetency statement
6  here.
7          MR. PRICE:  No, your Honor.  And if that were the
8  issue, we would certainly have raised that to the Court and to
9  the government as well.
10         THE COURT:  Okay.
11         MR. TIERNEY:  That's fine, your Honor.  I wanted a
12 clean record on that.
13         THE COURT:  Anything else?
14         MR. PRICE:  No, your Honor, thank you.
15         MR. CHAVEZ:  Your Honor, I guess just one; it is a
16 question.
17         What we contemplate for the March 23rd examination is
18 that Mr. Caputo would be brought from Lerdo, arrive here.  His
19 family would provide a change of clothes.  He would dress out,
20 come to our office, go back, change back into his Lerdo
21 clothes, and go to Lerdo.
22         And I don't see any problems with that.  I don't
23 know, is there any problem at all with the marshals, if he
24 goes beyond 3:00, they don't have a problem getting him into
25 Fresno County?  It's a question, your Honor.

1       MARSHAL:  Your Honor, we can rebook him into Fresno
2  County, if that's necessary, and then wait for Lerdo to come
3  pick him up on Wednesday.
4       MR. CHAVEZ:  That answers that.
5       Thank you, your Honor.
6       THE COURT:  Thank you.  And the Court does find there
7  are good grounds and reasonable grounds for exclusion of time,
8  and they will be excluded until the time of trial.
9       MR. PRICE:  Thank you.
10      THE COURT:  If anybody needs anything between now and
11 then, let me know for status, change of plea, or any other
12 issue, but other than that, we will just leave only the trial
13 date intact.
14      MR. TIERNEY:  Yes, your Honor.
15      THE COURT:  Thanks.
16    (The proceedings were concluded at 8:26 a.m.)
17      I, PEGGY J. CRAWFORD, Official Reporter, do hereby
18   certify the foregoing transcript as true and correct.
19
20 Dated:  16th of March, 2017         /s/ Peggy J. Crawford
                                       PEGGY J. CRAWFORD, RDR-CRR
21
22
23
24
25