UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. LAWRENCE J. O'NEILL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 1:14-cr-041 LJO-SKO |
| Plaintiff, ) | |
| ) | IN COURT HEARING |
| vs. ) | |
| BRIAN CAPUTO, ) | |
| Defendant. ) | |

Fresno, California                    Monday, August 8, 2016

REPORTER'S TRANSCRIPT OF PROCEEDINGS

**APPEARANCES OF COUNSEL**:

For the Government:      **MICHAEL TIERNEY**
                         Assistant U.S. Attorney
                         2500 Tulare Street, Rm. 4401
                         Fresno, California  93721

For the Defendant:       The Criminal Defense Group
                         2600 West Olive Avenue, Suite 500
                         Burbank, CA 91505
                         BY:  **ERIC A. CHASE**

REPORTED BY:  PEGGY J. CRAWFORD, RDR, CRR, Official Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
 1  Monday, August 8, 2016                        Fresno, California
 2  10:01 a.m.
 3           THE COURT:  Let's call the case of Brian Caputo.
 4           MR. CHASE:  Good morning, your Honor.  Eric Chase on
 5  behalf of Mr. Caputo, who is present.
 6           MR. TIERNEY:  Michael Tierney for the United States,
 7  your Honor.
 8           THE COURT:  This is -- I think everybody knows why
 9  this is on calendar.
10           Mr. Chase, what's going on?
11           MR. CHASE:  Your Honor, I do want to apologize to the
12  Court.  I will tell the Court that I had informed the
13  probation officer, even at the time of the probation
14  interview, that it was my intention to file a request for
15  continuance of the sentencing.  I did not get it done in a
16  timely manner.
17           I was aware that the probation officer was going on
18  vacation, and I should have it filed well before I did.
19           And I apologize to the Court, and I'm prepared to
20  accept whatever sanctions the Court deems appropriate.
21           THE COURT:  Well, I'm not heavy on sanctions.  I'm
22  heavy on compliance.  And my view of it is that if we can get
23  people to comply with rules and obligations, that that's
24  exactly what we do.
25           But if I can't, then I go a different direction to
```

1  make sure I can.  In this particular case, it took, frankly,
2  what I consider to be a waste of Probation's time to have to
3  come before the Court and establish good cause because you
4  couldn't.
5       I am not seeing any good cause on why a couple of
6  things.  One, you couldn't get the information to Probation
7  that they need; and, secondly, why you weren't responding to
8  Probation when they were trying to get in touch with you.
9       MR. CHASE:  Again, my apologies to the Court.  And I
10 will tell the Court that, as I have filed in a previous paper,
11 my practice has changed, significantly downsizing.
12      I have lost a significant portion -- not the entire
13 portion -- of my support staff that had helped me through a
14 lot of the technicalities of federal filing.  And I know
15 that's not an excuse, your Honor, but you asked me the
16 question.
17      THE COURT:  I want to know the answer.
18      MR. CHASE:  That's the answer.
19      THE COURT:  Well, what has changed now?  Does
20 Probation have the information they need now or not?
21      MR. CHASE:  No, your Honor.
22      THE COURT:  When are they going to have it?
23      MR. CHASE:  They will have it within the next 30
24 days.
25      THE COURT:  Have we set a date yet?

1      MR. CHASE: We have, your Honor, November 7, for
2 sentencing.
3      THE COURT: Oh, I see it, yes. November 7,
4 10:00 a.m.
5      PROBATION OFFICER: Your Honor, Brian Bedrosian with
6 the U.S. Probation Office. Based on the new continued
7 schedule, your Honor, our draft report will be due for
8 disclosure to the parties on September 26th.
9      So Mike Armistead will need all the information
10 before that date so they we can go through the review process
11 of the support staff and myself.
12      THE COURT: Well, if he has it on or before
13 September 6th, what does that do?
14      PROBATION OFFICER: That's plenty of time. I mean
15 his report won't need to go out until the 26th, so we could
16 even go a little further than that if you wanted to.
17      MR. CHASE: If I may, your Honor, to be on the safe
18 side, I would request a little additional time. If that
19 requires pushing the sentencing back slightly, that would be
20 my request. Not an inordinate amount of extra time, perhaps
21 an extra 30 days.
22      THE COURT: You mean 60 days from now?
23      MR. CHASE: I would say 45 days to get the
24 information to Probation, just to be on the safe side, and
25 then push the sentencing back to whatever would be appropriate

1  at that time.
2         PROBATION OFFICER:  Your Honor, Mr. Armistead's
3  report would be due to me for review by September 16th.  That
4  gives us enough time to go through it, he can make whatever
5  corrections need to be made, and then it could be disclosed to
6  the parties on the 26th.
7         MR. CHASE:  Your Honor, I should be able to get it
8  done --
9         If it's prior to September 16th?
10        PROBATION OFFICER:  Prior to September 16th, right.
11        MR. CHASE:  Your Honor, I should be able to do that.
12 I'm fine with that, your Honor.
13        THE COURT:  How about this.  On or before, number
14 one, on or before September 13; that's a Tuesday.  Any
15 information that the defense needs or wants the Probation
16 Department to have, consider, or present in the PSR, as part
17 of the PSR, must be in their hands -- not mailed on the 13th,
18 no mailbox rule -- but rather received on or before the end of
19 the day, on September 13th.
20        Does that work?
21        MR. CHASE:  It does, your Honor.
22        THE COURT:  For every day beyond that date that it is
23 not there, then the compliance sanction will be $5,000 per
24 day.  That the November 7th date for judgment and sentencing
25 will remain November 7, 10:00 a.m.

1        MR. CHASE:  Understood, your Honor.
2        PROBATION OFFICER:  That would be fine.
3        THE COURT:  That works?  Anything else?
4        MR. TIERNEY:  No, your Honor.
5        THE COURT:  All right.  And lastly, if Probation
6   calls, that's one of those priority messages that you return.
7        MR. CHASE: Yes, your Honor.  And, again, my
8   apologies.  Thank you.
9        THE COURT:  Anything else?
10       MR. CHASE:  No, your Honor.
11       MR. TIERNEY:  No, your Honor.
12       THE COURT:  That's the order.
13   (The proceedings were concluded at 10:06 a.m.)
14       I, PEGGY J. CRAWFORD, Official Reporter, do hereby
15    certify the foregoing transcript as true and correct.
16
17  Dated:  17th of March, 2017      /s/ Peggy J. Crawford
                                     PEGGY J. CRAWFORD, RDR-CRR
18
19
20
21
22
23
24
25