1          UNITED STATES DISTRICT COURT

2          EASTERN DISTRICT OF CALIFORNIA

3                    --o0o--

4  UNITED STATES OF AMERICA,     ) Case No. 1:14-cr-00041-LJO-SKO
                                 ) formerly 5:14-mj-00008-JLT
5                 Plaintiff,     )
                                 ) Fresno, California
6       vs.                      ) Monday, March 10, 2014
                                 ) 1:47 P.M.
7  BRIAN CAPUTO,                 )
                                 ) Hearing re:  Arraignment and
8                 Defendant.     ) plea re: indictment; continued
   _____) detention hearing.

9
                     TRANSCRIPT OF PROCEEDINGS
10        BEFORE THE HONORABLE SHEILA K. OBERTO
               UNITED STATES MAGISTRATE JUDGE
11
   APPEARANCES:
12
   For Plaintiff:              DAVID L. GAPPA
13                             U.S. Attorney's Office
                               2500 Tulare Street, Suite 4401
14                             Fresno, CA   93721
                               (559) 497-4000
15
   For Defendant:             VICTOR M. CHAVEZ
16                            JEROME PRICE
                              Federal Defender's Office
17                            2300 Tulare Street, Suite 330
                              Fresno, CA   93721
18                            (559) 487-5561

19  Court Recorder:            OTILIA ROSALES
                               U.S. District Court
20                             2500 Tulare Street, Suite 1501
                               Fresno, CA   93721
21                             (559) 499-5928

22  Transcription Service:     Petrilla Reporting &
                                 Transcription
23                             5002 - 61st Street
                               Sacramento, CA   95820
24                             (916) 455-3887

25  Proceedings recorded by electronic sound recording;
   transcript produced by transcription service.

1

1        <u>FRESNO, CALIFORNIA, MONDAY, MARCH 10, 2014, 1:47 P.M.</u>

2

3            THE COURT:  Oh, I'm sorry.  I didn't realize Mr.

4    Caputo is here.

5            Calling the last matter on calendar, United States v.

6    Brian Caputo, Case No. 14-cr-00041.  If we can please have the

7    parties' appearances?

8            MR. GAPPA:  Thank you, Your Honor.  David Gappa for

9    the United States.

10            THE COURT:  Good afternoon, Mr. Gappa.

11            MR. CHAVEZ:  Good afternoon, Your Honor.  Victor

12    Chavez and Jerome Price appearing on behalf of Mr. Caputo.

13    Mr. Caputo is present.  He's in custody seated at the table.

14            THE COURT:  Thank you.  Good afternoon, Mr. Chavez

15    and Mr. Price.  Is Ms. Caputo in the courtroom?

16            MR. CHAVEZ:  She is, Your Honor.

17            THE COURT:  You are.  Thank you very much.  We just

18    wanted to make sure that we didn't need to call you.

19            MR. CHAVEZ:  Oh.

20            THE COURT:  Thank you for being available today.

21            Mr. Caputo, an indictment has been filed against you

22    dated March 6th, 2014.  It charges you with the following

23    violations.  You are charged with receipt or distribution

24    of -- I'm sorry, sexual exploitation of a minor and attempt in

25    violation of 18 U.S.C. Section -- Sections 2251(a) and (e).

2

1          And you are also charged with receipt of a visual

2    depiction of a minor engaged in sexually explicit conduct in

3    violation of 18 U.S.C. Section 2252(a)(2).

4          Each of these charges carries a mandatory minimum of

5    five years, a maximum of 20 years and a lifetime of supervised

6    release.

7          And the indictment also contains a forfeiture

8    allegation.

9          Do you understand what you're charged with and the

10   maximum possible penalties that could be imposed if you're

11   convicted of these offenses?

12         THE DEFENDANT:  Yes, Your Honor.

13         THE COURT:  Thank you very much.  You have the right

14   to remain silent.  Anything you say can and will be used

15   against you.

16         And on behalf of Mr. Caputo have you received a copy

17   of the indictment, Mr. Chavez?

18         MR. CHAVEZ:  Yes, Your Honor.  We do acknowledge

19   receipt of the indictment in this matter and his name is

20   correctly set forth, waive reading of the indictment, waive

21   further advisement of statutory and constitutional rights,

22   enter a plea of not guilty as to each charge.  We are

23   requesting discovery and we ask that the matter be set for a

24   status conference.

25         THE COURT:  Thank you very much, Mr. Chavez.  The not

3

1    guilty plea is accepted and the Court will order discovery

2    within 14 days pursuant to Local Rule 440.

3              And is the government requesting reciprocal

4    discovery?

5              MR. GAPPA:  Yes.  Thank you, Your Honor.

6              THE COURT:  Thank you.  So ordered.

7              With respect to the status conference date, I can set

8    this over for Monday the 17th or give the parties additional

9    time to receive and review the discovery if you'd like me to do

10   so, Mr. Chavez.

11             MR. CHAVEZ:  I'd like additional time.  That's

12   barely --

13             THE COURT:  Okay.  And how much time would you like,

14   Mr. Chavez?

15             MR. CHAVEZ:  Your Honor, could -- let's see.  This is

16   March.  Could we go into early May?

17             THE COURT:  I can certainly do that if it's

18   acceptable to both parties.  I can set it for May 5th if that's

19   acceptable to you, Mr. Gappa and Mr. Chavez.

20             MR. CHAVEZ:  That's acceptable, Your Honor.

21             MR. GAPPA:  Your Honor, I am out that day, but I

22   could do either the Monday before or the Monday after.

23             THE COURT:  I can do it on the 19th of May.

24             MR. CHAVEZ:  That's fine, Your Honor.

25             THE COURT:  Okay.  And any issue with respect to

4

1    exclusion of time?

2         MR. CHAVEZ:  No, Your Honor.

3         THE COURT:  Thank you.  I'm going to set this over

4    for a status conference at 1:00 p.m. and time will be excluded

5    for defense review of discovery, defense investigation and

6    preparation, continuity of counsel, any plea negotiations and

7    I'm also going to find that the ends of justice outweigh the

8    interests of Mr. Caputo and the public in a speedy trial.

9         Moving now to the detention hearing.  It's my

10   understanding that Ms. Serrano has considered the information

11   that she received from Mr. Gappa at the last hearing, as well

12   as the additional information that I was provided, and counsel

13   and Ms. Serrano were provided this morning and that her

14   recommendation remains the same, is that correct, Ms. Serrano?

15        MS. SERRANO:  Yes, Your Honor.

16        THE COURT:  Thank you very much.

17        Any additional argument by the parties?

18        MR. CHAVEZ:  Your Honor, I'm -- well I would like to

19   add I of course want the Court to follow that recommendation.

20   Your Honor, since last time, Ms. Caputo was not present and

21   was -- appeared telephonically and we had some concern that she

22   may or may not appear today.

23        She took the liberty of writing -- it's two

24   paragraphs long and a few other -- a brother-in-law and two

25   siblings also wrote brief statements on his behalf and I'd like

5

```
 1    to tender those to the Court.

 2              THE COURT:  Certainly.

 3              MR. CHAVEZ:  I have provided them to Pretrial

 4    Services and to Mr. Gappa.

 5              THE COURT:  Thank you very much.

 6              I'm going to ask, Ms. Caputo, could you please

 7    approach the podium?  Thank you and thank you again for being

 8    here today.

 9              MR. GAPPA:  Your Honor, while she does that there was

10    just one point.  I think I might've heard a reference to, in

11    the penalties, only five years.  But if I did hear that, then

12    the statutory maximum for count 1 I believe is 30 years.  The

13    mandatory minimum for that one is 15 years.

14              THE COURT:  You know, actually that's what I thought,

15    but I was looking and I should've probably double checked it.

16    I'm looking at your penalty slip and they each say 5 to 20.

17              MR. CHAVEZ:  Your Honor, I do believe it is 15 on

18    that one count.

19              THE COURT:  Yeah.

20              MR. GAPPA:  Yeah.  That is correct the Court caught

21    that and I personally reviewed this before initialing it, so

22    I'm not sure how that got through, but --

23              THE COURT:  So it's 15 to 30?

24              MR. GAPPA:  For count 1 it is 15 to 30, that's

25    correct.
```

1          THE COURT:  Okay.  Ms. Caputo -- Mr. Caputo rather,

2     I'm going to readvise you that the maximum possible penalty for

3     the first charge which is sexual exploitation of a minor and

4     attempt is actually a mandatory minimum of 15 years and a

5     maximum of 30 years.  You understand that?

6          THE DEFENDANT:  Yes, Your Honor.

7          THE COURT:  Thank you very much.

8          Okay.  Thank you.  Mr. Gappa, anything further?

9          MR. GAPPA:  Well Your Honor, briefly.  Not to belabor

10    what was already argued, however, in the government's view,

11    just to confirm, in our view there is no rebutted presumption.

12    In other words, the presumption is that he's both a flight risk

13    and a danger.

14          And the concerns that the government have I think in

15    addition to just the nature of the offense, there is a pattern

16    of deception here given that he has posed as different minor

17    females and he's done that for six to eight years, and he's

18    managed to do that in part by setting up different Facebook and

19    other social media account profiles which again shows

20    deception.

21          When law enforcement finally did first confront him

22    he again was deceptive.  It's true that he doesn't have to

23    admit to any crimes.  However, it does go in the government's

24    view, to his trustworthiness and again his manipulation and his

25    deception by lying to those investigators and attributing the

1    criminal conduct to somebody who used the family's wireless

2    signal.

3            And more importantly, at least as important, is that

4    he continued with the criminal misconduct by continuing to

5    contact victims and demanding that they produce and provide to

6    him sexually explicit images and we've provided that in

7    Attachment B which was given to the Court and counsel and

8    Pretrial Services today.

9            And Attachment B shows that in one account of just

10   one victim that was accessed, it shows that in January -- on

11   January 12th and on January 18th the defendant demanded

12   additional images of that victim and said your pics, your

13   videos or I'm going to send them all out.

14           So this is a victim who over the course of many

15   months had been essentially terrorized and who had been coerced

16   into producing and then sending to him explicit images and he

17   was threatening, even after the ICE agents had contacted him,

18   when he was on notice clearly that what he was doing was

19   illegal.

20           So that is deception that the government is concerned

21   about as well as in Attachment C there is confirmation of just

22   how difficult it was for law enforcement to find the defendant

23   given the nature of how he was committing the offenses.  Even

24   though they went on for a long time, it wasn't until a victim

25   had come forward that law enforcement was contacted.

8

1          And once they began the investigation, every time

2     they would try to trace the IP address they would find that it

3     was coming back to something other than his own residence.  And

4     so for instance, one of the internet access points was at a

5     McDonalds.  One came back to internet service provided by the

6     City of Kern.  One came back to either a location or an

7     internet service provider in Fresno.  One came back to an

8     account in the name of Brandon Inahosa (phonetic) or Arvin

9     Family Housing.

10          So it goes to underscore how difficult it is to

11     monitor or to find the defendant if he were to be released.

12     The proposal is that he continue to work at Burger King, to be

13     allowed access to the community and there's just too great of a

14     risk that he can easily acquire another device or a phone and

15     use that, as he did for years, unbeknownst to his family

16     members and can revictimize so quickly any additional minor

17     females out there, or attempt to access material that law

18     enforcement may not have discovered yet.

19          So in this case it wasn't somebody who was storing a

20     large quantity of material on a computer and that's now been

21     seized.  It was primarily, if not exclusively, material that

22     was stored offline on drop box and different off-site storage

23     accounts.

24          So in the government's view there's simply no way

25     that conditions could be fashioned to secure the safety of the

1  community or others if he were released.  So we would ask the

2  Court to find that he has not rebutted the presumption, that he

3  is a danger and order him detained.

4          THE COURT:  Thank you, Mr. Gappa.

5          Mr. Chavez?

6          MR. CHAVEZ:  Yes, Your Honor.  Your Honor, if he had

7  been -- you know, Mr. Caputo is now -- he's been arrested.

8  He's been indicted.  He is now before this Court.

9          If he had been under conditions of supervision during

10  the time that he did the things that Mr. Gappa alleges that he

11  did I think that would be probative of his unwillingness to

12  abide by conditions.  But simply referring to the weight of the

13  evidence or the alleged -- the apparent conduct, as horrible as

14  it is, I think really misses the point or misses the issue

15  which is can conditions be fashioned to prevent this type of

16  activity, which is the activity that endangers minors.

17          And I think that the conditions, and they are

18  stringent conditions, are the right conditions and that they

19  should reasonably address the risk that he could in a wanton

20  fashion continue his behavior, but I would submit to the Court

21  that the situation today is not the situation of even, you

22  know, pre-arrest.  It's entirely different.

23          He has the support of his family.  His mother's

24  willing to be a third-party custodian.  I've talked to her

25  fairly at length.  She's made it very clear to me that she will

1  hold him to those conditions strictly and that if he violates

2  any of them that she will turn him in.

3       And given his social history and what the other

4  family members say, it appears that he is a person who has

5  been -- who listens to his mom, who will submit to her

6  authority.

7       You know, 14 -- 11 years ago he got that battery and

8  he was placed on diversion and it appears -- I mean I cannot

9  say definitively that he successfully completed that, but since

10 it doesn't say that he didn't, I mean I infer that he did.  To

11 be clear, I do not know.  But that would indicate to me that

12 he's a person who can follow directions.

13      So I would ask the Court to follow the recommended

14 conditions of release and I would also point out, Your Honor,

15 that at this juncture, right now we don't even know if he has

16 his job.  We just don't know.  So for the time being,

17 certainly, unless and until he either comes back to pretrial or

18 the Court, as the Court dictates, he's not going anywhere.

19      THE COURT:  Thank you very much, Mr. Chavez.

20      Does the matter of detention stand submitted?

21      MR. CHAVEZ:  Submitted, Your Honor.

22      MR. GAPPA:  Yes, Your Honor.

23      THE COURT:  Thank you.

24      Mr. Caputo, this is a tough detention hearing, and I

25 did put it over from last week so that I personally could

11

1    consider the information that was given to me in court and that

2    the Pretrial Services officer could also.  The concerns I have

3    about you are that this is a rebuttable presumption case which

4    carries the presumption that you're a danger and a flight risk.

5         You're charged with serious crimes, as I read them to

6    you.  You're charged with crimes that include a mandatory

7    minimum of 15 years, a maximum of 30.  The weight of the

8    evidence, as the prosecutor indicated, there is significant

9    evidence against you.  However, that is the least important

10   factor for me to consider at this juncture.

11        With respect to your history and characteristics, you

12   do have some family ties.  You don't have financial resources

13   for a bond.  You have an apparent history of anger issues, past

14   history of substance abuse, ongoing conduct that apparently has

15   been going on for quite a while including threatening minor

16   victims if the evidence -- the allegations are to believed and

17   are true, and you have also ongoing conduct involving sexual

18   exploitation of minors even after you were confronted with

19   officers.

20        Now I do realize the fact that you weren't charged at

21   that time and now you're charged.  Maybe you do understand the

22   significance.  However, if officers come to someone's house,

23   that is pretty serious and that should be a deterrent.

24        Now having said all that, based on the information

25   provided, I'm going to find that there are conditions or

12

1  combination of conditions that would assure your appearance at

2  all future court proceedings and ensure the safety of the

3  community.

4          And let me say significantly that that is because

5  your mother is willing to serve as your third-party custodian.

6  She has written a letter indicating that she has full faith and

7  trust in your ability to follow conditions and that she will

8  make sure that you follow those conditions.  Do not let her

9  down, because if -- now the conditions will be read to you.

10         If you don't follow those conditions you will be back

11 in court and I can assure you that the outcome will most likely

12 not be the same next time, depending on what the violation is.

13 But this is again a very close call, but my job is to determine

14 if there are conditions or combination of conditions that would

15 assure your appearance at future court proceedings.

16         So I will follow the recommendation.  However, I will

17 place you on home incarceration, not home detention.  Given the

18 concerns I have, I don't believe home detention is sufficient

19 to satisfy those concerns.

20         Now I do understand that you have a job at Burger

21 King, but frankly, one of the conditions which is No. 19

22 indicates that you're not to be at a location that is

23 frequented by children under the age of 18 and, as far as I can

24 tell, children under the age of 18 do come to Burger King, but

25 that's not my position to decide whether or not you're going to

1   continue working at Burger King.

2        But notwithstanding that, you will be on home

3   incarceration because I believe that is going to need to be

4   included in the conditions or combination of conditions that

5   are necessary to assure your appearance at all future court

6   proceedings and ensure the safety of the community; and the

7   second issue is the one that I'm very concerned about.

8        So Ms. Caputo, you will be the third-party custodian.

9   I think Ms. Serrano has spoken with you in detail about your

10  obligation as a third-party custodian and I take it you do

11  understand those obligations from your letter.

12       MS. CAPUTO:  Yes, Your Honor, I do.

13       THE COURT:  And you will make sure that your son

14  follows each and every one of those conditions?

15       MS. CAPUTO:  Yes.  I solemnly swear I'll make sure he

16  follows.

17       THE COURT:  And that he will make every court

18  appearance?

19       MS. CAPUTO:  Yes, I swear.

20       THE COURT:  And in addition, I'm putting him on home

21  incarceration which means he will not be leaving the house for

22  all the reasons that he could be leaving if he were on home

23  detention, so that will be significant too because that to me

24  is frankly the least restrictive condition that would assure

25  the safety of the community given the allegations of previous

14

1    conduct and the information before me.

2           So Ms. Serrano, if you can please read the conditions

3    as modified.

4           MS. SERRANO:  You shall report to and comply with the

5    rules and regulations of the Pretrial Services agency.  You

6    shall report in person to the Pretrial Services agency on the

7    first working day following your release from custody.

8           You are released to the third-party custody of

9    Patricia Caputo.  You shall reside at a location approved by

10   the Pretrial Services officer and not move or absent yourself

11   from this residence without the prior approval of the Pretrial

12   Services officer.

13          You shall cooperate in the collection of a DNA

14   sample.

15          Your travel is restricted to the Eastern District of

16   California unless otherwise approved in advance by the Pretrial

17   Services officer.  You shall not obtain a passport or other

18   travel documents during the pendency of this case.

19          You shall not possess a firearm, ammunition,

20   destructive device or other dangerous weapon.  Additionally,

21   you shall provide written proof of divestment of all firearms

22   or ammunition currently under your control.

23          You shall refrain from any use of alcohol or any use

24   of a narcotic drug or other controlled substance without a

25   prescription by a licensed medical practitioner and you shall

1    notify Pretrial Services immediately of any prescribed

2    medications.  However, medicinal marijuana, prescribed or not,

3    may not be used.

4         You shall submit to drug and/or alcohol testing as

5    approved by the Pretrial Services officer.  You shall pay all

6    or part of the cost of the testing services based upon your

7    ability to pay as determined by the Pretrial Services officer.

8         Your Honor, with respect to condition No. 11 noted in

9    the report, the correct language for condition No. 11 should

10   read you shall participate in a program of medical or

11   psychiatric treatment including treatment for drug or alcohol

12   dependency as approved by the Pretrial Services officer.  You

13   shall pay all or part of the cost of the counseling services

14   based upon your ability to pay as determined by the Pretrial

15   Services officer.

16        You shall report any contact with law enforcement to

17   your Pretrial Services officer within 24 hours.

18        You shall participate in the following location

19   monitoring program and abide by all requirements of the program

20   which will include having a location monitoring unit installed

21   in your residence and a radio frequency transmitter device

22   attached to your person.  You shall comply with all

23   instructions for the use and operation of said devices as given

24   to you by the Pretrial Services agency and employees of the

25   monitoring company.  You shall pay all or part of the cost of

16

1    the program based upon your ability to pay as determined by the

2    Pretrial Services officer.

3              Specifically, home incarceration.  You are restricted

4    to your residence at all times except for medical needs or

5    treatment, religious services and court appearances preapproved

6    by the Pretrial Services officer.

7              You shall not view or possess child pornography as

8    defined in 18 U.S.C. 2256(a) except in the presence of your

9    attorney to prepare for your defense.  You shall not access the

10   internet and you shall provide proof of the disconnection or

11   termination of the service as required by the Pretrial Services

12   officer.

13             You shall not use or possess a computer in your

14   residence or at any other location unless otherwise approved by

15   the Pretrial Services officer.

16             The Pretrial Services officer shall advise your

17   employer of conditions of release that may limit your work

18   related use of a computer or limit your work activities.

19             You shall not loiter or be found within 100 feet of

20   any schoolyard, park, playground, arcade, movie theater or

21   other place primarily used by children under the age of 18.

22             You shall not associate or have verbal, written,

23   telephonic or electronic communication with any person who is

24   under the age of 18 except in the presence of another adult who

25   is the parent or legal guardian of the minor.

17

1          You shall not be employed or participate in any
2   volunteer activities in which there is a likelihood of contact
3   with children under the age of 18.
4          You shall not use any device offering internet access
5   as a means of accessing any material that relates to the
6   criminal activity charged in the pending allegations.
7          And Your Honor, with respect to the last condition
8   Pretrial Services is asking that Mr. Caputo's release be
9   delayed until Friday, which is the soonest that we can have a
10  pretrial officer in the Bakersfield area to facilitate a
11  hookup.
12          THE COURT:  Thank you.  And that will be the order.
13          And also, Ms. Caputo, my understanding is that your
14  minor daughter will be moving out of your residence --
15          MS. CAPUTO:  Yes, Your Honor, she will.
16          THE COURT:  -- before Mr. Caputo moves into your
17  residence?
18          MS. CAPUTO:  Yes.
19          THE COURT:  And where will Mr. Caputo be living?
20          MS. CAPUTO:  At my address.
21          THE COURT:  Will he be living with you in your home?
22          MS. CAPUTO:  Yes.
23          THE COURT:  Okay.  And your minor daughter will be
24  out of the house by Friday?
25          MS. CAPUTO:  Yes.

1           THE COURT:  Okay.  And you do understand that one of

2    the conditions is that he is not to have contact with children

3    under the age of 18 and that would include your minor daughter?

4           MS. CAPUTO:  Yes, Your Honor.

5           THE COURT:  Okay.  Thank you very much.

6           Mr. Caputo, did you understand the conditions that

7    Ms. Serrano read?

8           THE DEFENDANT:  Yes, Your Honor.

9           THE COURT:  And you agree to follow those conditions?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  As I indicated earlier, one of the main

12   reasons that you're being released today in addition to the

13   fact that there are conditions is the fact that your mother is

14   trusting you.  She has full trust in you that you will follow

15   the conditions, you'll abide by each and every one of the

16   conditions.  Do not let her down.  Do you understand that?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Thank you.

19          And Ms. Caputo, do you understand the conditions?

20          MS. CAPUTO:  Yes, Your Honor.

21          THE COURT:  Okay.  And do you have any questions

22   about any of those conditions?

23          MS. CAPUTO:  No.

24          THE COURT:  Thank you very much.

25          MR. CHAVEZ:  Your Honor, I have a question or a point

19

1    I think that needs to be clarified.

2            THE COURT:  Yes.

3            MR. CHAVEZ:  The minor daughter is 15 years old.

4    Here's my question.  I assume that at some point minor daughter

5    is going to visit her mother, so my question is could she visit

6    her mother while Mr. Caputo is there so long as her mother is

7    there?  Otherwise it gets so awkward for the mom to visit her

8    daughter.

9            THE COURT:  I understand that, but I am concerned

10   about the daughter too, given the fact that the age is very

11   similar to the age of the people that Mr. Caputo is alleged to

12   have been communicating with.

13           Ms. Serrano.

14           MS. SERRANO:  Your Honor, the condition with respect

15   to minors does state that he is not to be around minors unless

16   a parent or legal guardian is present.  So that would cover

17   allowing the minor daughter to visit with her mother as long as

18   the mother's present when Mr. Caputo is also present.

19           THE COURT:  And that's condition No. 20.

20           And as I indicated earlier, I believe I referred to

21   condition No. 18, but 21 also says you shall not be employed or

22   participate in any volunteer activities in which there is the

23   likelihood of contact with children under the age of 18.

24   Again, I'm not the one deciding whether or not he can continue

25   working where he is, but that is a condition of release.

1         MS. SERRANO:  Your Honor, with home incarceration he

2    can't be employed.

3         THE COURT:  No, I understand that, but I think the

4    concern was his continued employment and all I'm saying is I

5    don't know whether that would've happened in any event.

6         Is there anything else I can assist the parties with?

7         MR. CHAVEZ:  No, Your Honor.  Thank you.

8         MR. GAPPA:  Your Honor, just one point of

9    clarification from the government.

10        THE COURT:  Yes.

11        MR. GAPPA:  The government clearly understands

12   condition No. 22 as being very broad in the referenced to

13   any -- would include a phone, a notebook or a laptop computer,

14   or any other computer just so the defendant understands the

15   breadth of the reference to any device.

16        MS. SERRANO:  And that will be explained to him by

17   his officer, Your Honor, but that would certainly include cell

18   phones, notebooks, iPads, laptops; anything that would be a

19   means in which he could use to access the internet or the --

20   conduct the type of behavior that's alleged in the indictment.

21        THE COURT:  Thank you.

22        And Ms. Caputo, you understand that too?

23        MS. CAPUTO:  Yes.

24        THE COURT:  And do you have any computers?

25        MS. CAPUTO:  I do not have a computer right now and I

21

1   will not as long as he's incarcerated with me.  But I do have a

2   phone, but I have a lock.  And I do have internet, but it is

3   for my phone only and it's locked.  There's no access to it.

4          THE COURT:  Okay.  So your phone is password

5   protected?

6          MS. CAPUTO:  Yes.

7          THE COURT:  And will never be in Mr. Caputo's

8   possession?

9          MS. CAPUTO:  Never be in his possession.

10          THE COURT:  And will never be left anywhere in the

11   house where he can access it?

12          MS. CAPUTO:  No.

13          THE COURT:  And I can tell you what'll happen is if

14   he is able to access it and he does access it it'll be a

15   violation of his conditions of release, so it's going to be

16   very important that you make sure that he at no time has any

17   access whatsoever to your phone or to the password that would

18   allow him to unlock your phone.

19          MS. CAPUTO:  Yes, Your Honor.  I'm very organized and

20   very good with those things.

21          THE COURT:  Okay.  Thank you very much.  That'll be

22   very helpful.

23          Is there anything else I can assist the parties with?

24          MR. CHAVEZ:  No, Your Honor.  Thank you.

25          THE COURT:  You're welcome.

22

1       MR. GAPPA:  Thank you, Your Honor.

2       THE COURT:  Court stands in recess.

3    (Whereupon the hearing in the above-entitled matter was

4    adjourned at 2:15 p.m.)

5                        --o0o--

6                       CERTIFICATE

7    I certify that the foregoing is a correct transcript from

8    the electronic sound recording of the proceedings in the above-

9    entitled matter.

10

11   /s/ Jennifer Barris            March 20, 2017

12   Jennifer Barris, Transcriber

13   AAERT CET*668

14

15

16

17

18

19

20

21

22

23

24

25