**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 20 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10497 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00041-LJO-SKO-1 |
| v. | |
| BRIAN CAPUTO, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted May 15, 2019[**]
San Francisco, California

Before: WALLACE, IKUTA, and CHRISTEN, Circuit Judges.

Brian Caputo pleaded guilty to receiving or distributing child pornography, in violation of 18 U.S.C. § 2252(a)(2). The district court sentenced him to 15 years imprisonment, to be followed by 15 years of supervised release. He appeals from the judgment and sentence. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

affirm.

1. On de novo review, we conclude that Caputo knowingly and voluntarily entered into the plea agreement. *See United States v. Timbana*, 222 F.3d 688, 701 (9th Cir. 2000). During the plea colloquy, Caputo responded that he understood the terms of the agreement and the consequences of pleading guilty. *See United States v. Briggs*, 623 F.3d 724, 728 (9th Cir. 2010) ("We take the district court's detailed colloquy with [the defendant] as strong evidence that [he] understood the meaning of his actions"). Caputo's courtroom demeanor and actions also indicate sufficient mental comprehension. He was able to remember events from prior hearings, demonstrating awareness of the general proceedings. He testified clearly and articulately, from which the district court made credibility determinations. He understood and was able to respond rationally to questions. Caputo submitted several articulate letters. In fact, the district court described Caputo's testimony at the suppression hearing as "very precise [and] detailed" as to "what happened, what was said, who said it, who did what, who didn't do what." Nowhere is it suggested that Caputo displayed unusual conduct or mannerisms during any part of the trial proceedings.

Furthermore, defense counsel stated multiple times that Caputo understood the nature of the trial proceedings. At the detention hearing, counsel stated, "having talked to Mr. Caputo and his mother and some of his family members, he

2

knows what is going on . . . he knows, he understands what is going on." At the sentencing, counsel stated that, "in terms of [Caputo's] ability to understand the proceedings, he was able to go through the Presentence Report with [counsel], he asked appropriate questions, and appeared to understand [counsel's] answers." This is telling because "a defendant's counsel is in the best position to evaluate a client's comprehension of the proceedings." *Hernandez v. Ylst*, 930 F.2d 714, 718 (9th Cir. 1991).

There is no question that Caputo suffers from neurological conditions, of which the district court was well aware. However, the evidence indicates that Caputo knowingly and voluntarily entered into the plea agreement.

2. Because Caputo knowingly and voluntarily entered into the plea agreement, the appeal waiver included therein is valid. He has waived his right to challenge the police officers' search and seizure. *See United States v. Medina-Carrasco*, 815 F.3d 457, 462 (9th Cir. 2016) (enforcing "a valid waiver even if the claims that could have been made on appeal absent that waiver appear meritorious, because '[t]he whole point of a waiver . . . is the relinquishment of claims *regardless* of their merit'" (quoting *United States v. Nguyen*, 235 F.3d 1179, 1184 (9th Cir. 2000))).

3. For the first time, Caputo challenges on appeal the district court's failure to order a competency hearing sua sponte, so we review for plain error. *United*

*States v. Marks*, 530 F.3d 799, 814 (9th Cir. 2008).[1]  We may exercise our discretion to correct a district court on plain error review if: (1) the district court erred; (2) the error was plain; (3) the error affects substantial rights; and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019) (en banc).  "Due process requires a trial court to hold a competency hearing sua sponte whenever the evidence before it raises a reasonable doubt whether a defendant is mentally competent."  *Id.* (quoting *United States v. Mitchell*, 502 F.3d 931, 986 (9th Cir. 2007)).  We review "to see if the evidence of incompetence was such that a reasonable judge would be expected to experience a genuine doubt respecting the defendant's competence."  *Id.* (quoting *Mitchell*, 502 F.3d at 986).  As discussed, evidence indicates that Caputo understood the nature of the proceedings and intelligently participated.  *See United States v. Garza*, 751 F.3d 1130, 1136 (9th Cir. 2014) (concluding that "[e]ven a mentally deranged defendant is out of luck if there is no indication that he failed to understand or assist in his criminal proceedings").  "And [Caputo] was, in fact, able to assist in his defense.  He testified.  He allocuted.  And his counsel had no complaints."  *Id.* at 1137; *see also*

---

[1] The government does not argue, so we do not consider, whether the appellate waiver in Caputo's plea agreement, once determined to be valid and enforceable, precludes a challenge to the district court's decision not to order a competency hearing sua sponte.

*id.* (affirming a decision not to hold a sua sponte competency hearing and stating that the judgment of "an experienced trial judge with a far better vantage point than ours . . . give[s] us confidence in our conclusion"). Accordingly, the district court did not plainly err in failing to order a competency hearing sua sponte.

**AFFIRMED.**