UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>BRIAN CAPUTO,<br><br>　　　　Defendant-Petitioner. | No. 1:14-cr-00041-LJO-SKO-1<br><br>ORDER NOTIFYING PETITIONER OF THE CONSEQUENCES OF RE-CHARACTERIZING HIS MOTION AS MADE UNDER 28 U.S.C. § 2255<br><br>(Doc. No. 130) |

On May 12, 2020, Petitioner Brian Caputo filed a *pro se* "Motion to Vacate All Charges." (Doc No. 130.) Petitioner did not state that the motion was made pursuant to Title 28, United States Code, Section 2255 ("§ 2255"). However, the substance of the motion is a collateral attack on petitioner's sentence. Petitioner asserts that he has uncovered new evidence such that certain cell phones and their contents relied upon by the government in petitioner's prosecution "can now be proven to not be [his]," and therefore that "and/or all 'evidence' and/or materials from the phones should legally be stricken," notwithstanding his guilty plea . (*Id*. at 3.)

Though petitioner has not stated under which statute or other authority he brings his pending challenge, federal courts are empowered to "ignore the legal label that a *pro se* litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category," including recharacterizing a claim based on "its underlying legal basis." *Castro v.*

*United States*, 540 U.S. 375, 381-82 (2003). "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008) (internal quotation marks and citation omitted). Regardless of the label a petitioner places on a motion, "[a]n application filed in the sentencing court that substantively falls within the scope of Section 2255 is analyzed as a motion under that Section." *United States v. Lizarraras-Chacon*, No. 3:11-CR-00517-HZ-1, 2015 WL 3447908, at *1 (D. Or. May 29, 2015). Petitioner's challenge is the "type of challenge . . . specifically stated in Section 2255 as a claim properly addressed through a habeas proceeding." *Id*.

Before the court re-characterizes petitioner's motion as arising under § 2255, it must caution petitioner of its intent to re-characterize the motion and the consequences of doing so and must also provide petitioner "an opportunity to withdraw the motion or to amend it **so that it contains all the § 2255 claims he believes he has**." *Castro*, 540 U.S. at 383 (emphasis added). In particular, the court now explicitly cautions petitioner that should the court re-characterize this motion as one brought pursuant to 28 U.S.C. § 2255, any § 2255 motion petitioner should wish to file in the future will be subject to the restrictions on "second or successive" motions under the Antiterrorism and Effective Death Penalty Act. *Castro*, 540 U.S. at 383. In this regard, a § 2255 petitioner must present all grounds that he believes he has in one motion, because once the Court rules on that motion, a second motion may only be filed with the permission of the appropriate appellate court.[1]

---

[1] The relevant statutes are 28 U.S.C. §§ 2244(a) and 2255(h). 28 U.S.C. § 2244(a) provides:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2255(h) provides:

> (h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

Finally, the court now explicitly provides petitioner with the opportunity to withdraw the pending motion or to amend that motion so that it contains all the § 2255 claims petitioner believes he has. *Id.*

Accordingly, **IT IS HEREBY ORDERED** that petitioner shall have until **July 14, 2020**, to file an appropriate notice or document specifically (1) electing to withdraw the pending motion, **or** (2) amending this motion with any further § 2255 claims, **or** (3) electing to proceed with the understanding that the court will construe the motion as one brought under § 2255. The court additionally cautions petitioner that his failure to respond to this Order will result in the court denying the pending motion due to his failure to prosecute.

IT IS SO ORDERED.

Dated: __May 13, 2020__

_____
UNITED STATES DISTRICT JUDGE

---

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

3