BRIAN CAPUTO, Reg. No. 71322-097
FCC YAZOO CITY
UNITED STATES PENITENTARY
P.O. BOX 5000
YAZOO CITY, MS 39194



## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

**BRIAN CAPUTO**

      **Movant,**

    v.                                  CR. No. 1:14-cr-00041-LJO-SKO-1

                                        CV. No. _____

**UNITED STATES OF AMERICA,**

      **Respondent.**

**PETITIONER'S AMENDMENT TO HIS NOW-PENDING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO UNDER 28 U.S.C. § 2255**

      COMES NOW the Petitioner, Brian Caputo, pro se, and files this Amendment to His Now-Pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 130].

      On May 12, 2020, Petitioner Brian Caputo filed a *pro se* "Motion to Vacate All Charges." Although Petitioner did not state that the motion was made pursuant to Title 28, United States Code, Section 2255 ("§ 2255"), Petitioner humbly declares that it was and is his intention that the subject Motion be accepted as his Section 2255 Motion (Doc No. 130.) On May 13, 2020, the district court kindly issued an instructive Order notifying Petitioner of the consequences of re-characterizing his Motion made under 28 U.S.C. Sec. 2255 [Doc. No. 131]. Hence, Petitioner respectfully puts this

Court on notice that this instant document is to be considered as his Amendment to his now-pending Section 2255 Motion [Doc. No. 130].

In sum, Petitioner's Amendment is attached hereto as: "Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody (Motion Under 28 U.S.C. § 2255.

DATE: 08/04/2020        Respectfully submitted,

               *Brian Caputo*
               BRIAN CAPUTO, Reg. No. 71322-097
               FCC YAZOO CITY
               UNITED STATES PENITENTARY
               P.O. BOX 5000
               YAZOO CITY, MS 39194

# Motion to Vacate, Set Aside, or Correct a Sentence By a Person in Federal Custody

(Motion Under 28 U.S.C. § 2255)

## Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit any legal arguments, you must submit them in a separate memorandum. Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this motion.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original and __0__ copies to the Clerk of the United States District Court at this address:

   **Clerk, United States District Court for Eastern District of California**
   **2500 Tulare St,**
   **Fresno, CA 93721**

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

9. **CAUTION:** **You must include in this motion all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES:** **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | EASTERN DISTRICT OF CALIFORNIA |
|---|---|---|
| Name *(under which you were convicted):* BRIAN CAPUTO | | Docket or Case No.: 1:14CR00041-001 |
| Place of Confinement: YAZOO CITY USP | | Prisoner No.: 71322-097 |
| UNITED STATES OF AMERICA | Movant *(include name under which convicted)* | |
| v. | BRIAN CAPUTO | |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:

   United States District Court, Eastern District of California
   2500 Tulare St,
   Fresno, CA 93721

   (b) Criminal docket or case number (if you know): 1:14CR00041-001

2. (a) Date of the judgment of conviction (if you know): 11/7/2016

   (b) Date of sentencing: 11/7/2016

3. Length of sentence: 180 Months

4. Nature of crime (all counts):

   18 U.S.C. § 2252(a)(2)

   Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct (Class C Felony)

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐    (2) Guilty ☑    (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

   Not Applicable

6. If you went to trial, what kind of trial did you have? (Check one)    Jury ☐    Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?    Yes ☐    No ☐

8. Did you appeal from the judgment of conviction?   Yes ✓   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: Ninth Circuit Court of Appeals
   (b) Docket or case number (if you know): 16-10497
   (c) Result: Affirmed
   (d) Date of result (if you know): 5/15/2019
   (e) Citation to the case (if you know): United States v. Caputo, 770 Fed. Appx. 400, 2019
   (f) Grounds raised:

   1) BRIAN DID NOT KNOWINGLY, VOLUNTARILY AND INTELLIGENTLY ENTER INTO THE PLEA AGREEMENT AND CORRESPONDING PLEA BECAUSE HIS BRAIN DEFORMITIES PROHIBITED IT

   2) THE DISTRICT COURT ERRED WHEN IT DENIED BRIAN'S MOTION TO SUPPRESS

   3) THE DISTRICT COURT PLAINLY ERRED WHEN IT FAILED TO HOLD A HEARING ON BRIAN'S COMPETENCY TO BE SENTENCED

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ✓

   If "Yes," answer the following:

   (1) Docket or case number (if you know): N/A
   (2) Result: N/A

   (3) Date of result (if you know): 
   (4) Citation to the case (if you know): N/A
   (5) Grounds raised:

   N/A

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?
    Yes ☐   No ✓

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court: N/A
        (2) Docket or case number (if you know): N/A
        (3) Date of filing (if you know):

    (4) Nature of the proceeding: N/AN/A

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐   No ☑

    (7) Result: N/A

    (8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: N/A

    (2) Docket of case number (if you know): N/A

    (3) Date of filing (if you know):

    (4) Nature of the proceeding: N/A

    (5) Grounds raised:

N/A

    (6) Did you receive a hearing where evidence was given on your motion, petition, or application?
        Yes ☐   No ☑

    (7) Result: N/A

    (8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:    Yes ☐   No ☑
    (2) Second petition:    Yes ☐   No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

N/A

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** Evidence Proves that a Cell Phone Containing Illegal Images of Child Pornography was Illegally Planted as Evidence, and thus, Used to Coerce Mr. Caputo's Guilty Plea

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Even if it happened inadvertently, evidence proves that a cell phone containing illegal images of child pornography was planted as evidence to be used against Mr. Caputo. Consequently, the planted evidence was used to coerce Mr. Caputo's guilty plea. Hence, if not for the planted evidence, Mr. Caputo declares that his attorney could not have coerced him into pleading guilty. In sum, if not for the planted evidence, Mr. Caputo declares that he would not have pleaded guilty.

DISCLOSURE: This instant Section 2255 Motion is considered to be Petitioner's Amendment to his previously filed Motion to Vacate all Charges [Doc. No. 130]. Mr. Caputo submits that he will file his Section 2255 Memorandum of Points and Authorities accompanied with his supporting exhibits and affidavits, on or before September 14, 2020. See, paragraph No. 18 at page 12.

(b) **Direct Appeal of Ground One:**
   (1) If you appealed from the judgment of conviction, did you raise this issue?
       Yes ☐   No ☑
   (2) If you did not raise this issue in your direct appeal, explain why:

   Mr. Caputo declares that he was not aware of the evidence in support of Ground One prior to filing his direct appeal.

(c) **Post-Conviction Proceedings:**
   (1) Did you raise this issue in any post-conviction motion, petition, or application?
       Yes ☐   No ☑
   (2) If you answer to Question (c)(1) is "Yes," state:
   Type of motion or petition:   N/AN/A
   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):   N/A
   Date of the court's decision:
   Result (attach a copy of the court's opinion or order, if available):
   N/A

   (3) Did you receive a hearing on your motion, petition, or application?
       Yes ☐   No ☑

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
N/A

Docket or case number (if you know): N/A

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

N/A

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

Subsequent to Mr. Caputo filing his direct appeal, he discovered documented evidence in support of his claim presented herein at Ground One.

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?
Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

AO 243 (Rev. 09/17)

**GROUND THREE:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ☐    No ☐
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ☐    No ☐
    (2) If you answer to Question (c)(1) is "Yes," state:
Type of motion or petition: _____
Name and location of the court where the motion or petition was filed:

Docket or case number (if you know): _____
Date of the court's decision: _____
Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?
        Yes ☐    No ☐
    (4) Did you appeal from the denial of your motion, petition, or application?
        Yes ☐    No ☐
    (5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
        Yes ☐    No ☐

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?
Yes ☐   No ☐

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?
Yes ☐   No ☐

(2) If you answer to Question (c)(1) is "Yes," state:

AO 243 (Rev. 09/17)

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(3) Did you receive a hearing on your motion, petition, or application?
   Yes ☐   No ☐

(4) Did you appeal from the denial of your motion, petition, or application?
   Yes ☐   No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?
   Yes ☐   No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Ground One: Mr. Caputo submits that he did not discover the evidence in support of Ground One until after his appeal attorney filed his direct appeal.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the you are challenging?    Yes ☐    No ☑

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At the preliminary hearing:
    Jerome Price, 801 I Street., 3rd Floor, Sacramento, CA 95814

    (b) At the arraignment and plea:
    Eric Chase, 2600 West Olive Ave, 5th Floor, Burbank, California 91505

    (c) At the trial:

    (d) At sentencing:
    Eric Chase, 2600 West Olive Ave, 5th Floor, Burbank, California 91505

    (e) On appeal:
    Andrea R. St. Julian, 12707 High Bluff Driver, Suite 200, San Diego, CA 92130

    (f) In any post-conviction proceeding:
    N/A

    (g) On appeal from any ruling against you in a post-conviction proceeding:
    N/A

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐    No ☑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☐    No ☑

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:
    N/A

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:  N/A
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ☐    No ☐

18.     TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

On May 12, 2020, Petitioner timely filed his Motion to Vacate all Charges [Doc. No. 13]. On May 13, 2020, this Court issued an Order "Notifying Petitioner of the Consequences of Re-Characrterizing His Motion as Made Under 28 U.S.C. Sec. 2255 [Doc. No. 131]. In part, the Court ruled that petitioner shall file his response to the Court's May 13, 2020 Order [Doc. 131] on or before August 14, 2020. Hence, in response to the Court's Order [Doc. No. 131], Petitioner submits this instant Section 2255 Motion as his "Amendment" to his now-pending "Motion to Vacate all Charges" [Doc. No. 130]. Accordingly, Petitioner gives notice that his previously filed Motion [Doc No. 130] is to be considered as Petitioner's timely filed Motion for Relief under 28 U.S.C. Sec. 2255.

Disclosure: Petitioner gives notice that he will submit his Memorandum of Points and Authorities accompanied with exhibits and affidavits in support of Ground One, on or before September 14, 2020.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
   (1)   the date on which the judgment of conviction became final;
   (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
   (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

Vacate Movant's guilty plea, reverse his conviction, and dismiss his indictment with prejudice.

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on August 5, 2020 .
(month, date, year)

Executed (signed) on August 4, 2020 (date)

*Brian Caputo*
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

## CERTIFICATE OF SERVICE

I hereby certify that, on 08/05/2020, under the prison mailbox rule, a genuine copy of this instant Motion was delivered to prison authorities, with correct postage affixed thereto, for purposes of mailing same, via legal mail, to the following:

David L Gappa, AUSA
United States Attorney's Office, Fresno
2500 Tulare Street
Suite 4401
Fresno, CA 93721

*Brian Caputo*
BRIAN CAPUTO, Reg. No. 71322-097
FCC YAZOO CITY
UNITED STATES PENITENTARY
P.O. BOX 5000
YAZOO CITY, MS 39194

United States District Court
Eastern District of California

| Brian Caputo, Movant, | CR No. 1:14-cr-00041-LJO-SKO-1 |
|---|---|
| v. | Affidavit Of Truth |
| United States of America, Respondent. | |

COMES NOW the Petitioner, Brian Caputo, with his Affidavit Of Truth.

I Brian Caputo, solemnly sware by oath of affirmation under penalty of perjury; that on Wednesday, August 5, 2020, at 9:25 a.m., I Brian Caputo, had timely filed my 28 U.S.C. § 2255 and placed it in the hands of Ms. Hawkins (Legal Mail Personel).

This motion was sent out via Certified mail tracking number: 7014 2120 0003 4453 4796.

It was sent to: Office of the Clerk
2500 Tulare St. Room 1501
Fresno, Ca. 93721

On Friday, August 28, 2020, I Brian Caputo, became aware that his § 2255 motion has become "lost in the mail", as it has been going back and forth, to and from Fresno, California and Jackson, Mississippi undelivered.

Petitioner now humbly asks, this Court to excuse this motions tardiness as it can be verified through the United States Postal Service (U.S.P.S.) that this motion was no longer in his possession on Wednesday, August 5, 2020, and in the possession of the U.S.P.S. since Saturday, August 8, 2020.

As petitioner now provides his last and final copy of his $2255 to the Courts. He prays that the Honorable District Judge Dale A. Drozd allows his motion to be herd and accepted as being turned in on August 5, 2020.

Friday, August 28, 2020               Respectfully,
                                      *Brian Caputo*
                                      Brian Caputo


Brian Caputo 71322-097
FCC Yazoo City
United States Penitentiary
P.O. BOX 5000
Yazoo City, MS. 39194