

FILED

SEP 3 0 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
          DEPUTY CLERK

BRIAN CAPUTO, Reg. No. 71322-097
FCC YAZOO CITY
UNITED STATES PENITENTARY
P.O. BOX 5000
YAZOO CITY, MS 39194

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

**BRIAN CAPUTO**

    **Movant,**

**v.**                    **CR. No. 1:14-cr-00041-LJO-SKO-1**

                            **CV. No. _____**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PETITIONER'S TIMELY MEMORANDUM IN SUPPORT OF HIS HIS NOW-PENDING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO UNDER 28 U.S.C. § 2255

COMES NOW the Petitioner, Brian Caputo, pro se, and timely files this Memorandum in support of His Now-Pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 130].

### INTRODCUTION

On May 12, 2020, Petitioner Brian Caputo filed a *pro se* "Motion to Vacate All Charges." Although Petitioner did not state that the motion was made pursuant to Title 28, United States Code, Section 2255 ("§ 2255"), Petitioner humbly declares that it was and is his intention that the subject Motion be accepted as his Section 2255 Motion (Doc No. 130.) On May 13, 2020, the district court kindly issued an instructive Order notifying Petitioner of the consequences of re-

characterizing his Motion made under 28 U.S.C. Sec. 2255 [Doc. No. 131]. On August 05, 2020, under the "Prison Mailbox Rule",[1] Petitioner timely filed his Amendment to his now-pending Section 2255 Motion [Doc. No. 136] when he handed his legal document to prison authorities for forwarding to this Court. As of this date, the Government has not responded to Petitioner's now-pending Section 2255 Motion. Hence, Petitioner Caputo timely files this instant Memorandum as follows:

## SUMMARY OF ARGUMENT

The thrust of Petitioner's issue involves "newly discovered Brady evidence" showing that, the Federal Bureau of Investigation's receipt for property demonstrates that cell phones containing illegal images of child Pornography were planted as evidence that was used to coerce Petitioner's involuntary guilty plea. Because Petitioner declares that he is actually innocent, even if the planting of criminal evidence happened inadvertently, this damning evidence is what caused Petitioner to plead guilty to a crime in which he is *actually innocent*, and thus, renders his guilty plea as being involuntarily entered. Hence, Mr. Caputo's conviction must be reversed, and his sentence vacated.

## ISSUE

## NEWLY DISCOVERED EVIDENCE REVEALS THAT PETITIONER'S GUILTY PLEA WAS INVOLUNTARILY ENTERED BECAUSE CONTAMINATED AND PLANTED EVICENCE WAS USED TO CORERCE HIS GUILTY PLEA FOR A CRIME IN WHICH HE IS ACTUALLY INNOCENT

---

[1]    In *Hernandez v Spearman*, the Ninth Circuit held that a district court erred in holding that the prison mailbox rule did not apply when a pro se prisoner delivered a habeas petition on behalf of another prisoner to prison authorities for forwarding to the clerk of the court. Thus, the petition was filed the moment it was delivered to prison officials for forwarding by the other prisoner. *Hernandez v. Spearman*, 764 F.3d 1071, 2014 U.S. App. LEXIS 16252

## **ARGUMENT**

**I.    NEWLY DISCOVERED EVIDENCE REVEALS THAT PETITIONER'S GUILTY PLEA WAS INVOLUNTARILY ENTERED BECAUSE CONTAMINATED AND PLANTED EVICENCE WAS USED TO CORERCE HIS GUILTY PLEA FOR A CRIME IN WHICH HE IS ACTUALLY INNOCENT**

1.    Petitioner Brian Caputo [hereinafter "Brian"]was coerced into pleading guilty and lost years of his life in prison solely because of the unconstitutional violations involving contaminated and planted evidence that was used to coerce Brian's guilty plea for a crime in which he is actually innocent.

2.    On February 27, 2014, the FBI obtained a warrant to search the apartment where Brian lived with his mother and sister for evidence of the crimes. Although the warrant permitted the search of various items, including cell phones, the warrant only authorized a search of items found at the apartment. Despite the limits of the warrant, the agents went to Brian's place of work, Burger King, where they seized him and his cell phone – a single **"Black Samsung Phone [boostmobile].** See, Exhibit 1 (Receipt for Property Received…Date 2/28/14 at 9:10 AM).

3.    After the agents escorted Brian outside, they took Brian to his apartment and questioned him in his bedroom.

4.    Importantly, the search warrant issued in this matter was limited to a search of the apartment where Brian lived. As discussed, Agents did not encounter Brian's phone at the apartment. In fact, no cell phones were confiscated from Brian's apartment – [not one cell phone]! Hence, irrefutable documented evidence shows that the agents took the single cell phone ["**Black Samsung Phone [boostmobile]**] from him at Burger King. See, Exhibit 1 (Receipt for Property Received…Date 2/28/14 at 9:10 AM).

5.    Finding no cell phones in Brian's apartment with illegal images of child Pornography, newly discovered evidence shows that, after Brian was arrested and placed into custody,

3

someone planted two additional cell phones [containing child pornography] in Brian's inventory of evidence that would be used against him. Thus, the Agents subsequently falsified a statement of probable cause and other police reports relating to what transpired.

6.    Relying on the planted evidence and falsified statements, federal prosecutors pursued the harshest punishments available against Brian. Faced with threats of a long federal sentence unless he pleaded guilty, and with no good way of proving that the Agents had, in fact, manufactured the entire criminal case against him, Brian pled guilty to a crime that he did not commit [Count 2 of the indictment].

7.    Brian's guilty plea dramatically reduced the amount of prison time that he would have faced compared to convictions after a trial. Indeed, these circumstances reflected a real-life Hobson ' s choice between a long prison sentence and a lifetime of incarceration. [2]

8.    Years after Brian served some of his federal prison sentence [shockingly] newly discovered evidence surfaced showing that, although the agents only confiscated a single cell phone [**"Black Samsung Phone [boostmobile**]] from him at Burger King,[3] on June 27, 2018, the Federal Bureau of Investigation ["FBI"] mailed Brain a document alleging that, on 2/28/2014, the FBI agents acquired additional cell phones that were placed into evidence:

i. Samsung Gray in color model: SCH-U650 cell phone

ii. iPhone Black in color Model: A1387

See, Exhibit 2 (June 27, 2018 letter from the U.S. Department of Justice to Brian Caputo)

9.    Against this backdrop, because Brain maintained his innocence up to the date he pleaded guilty, the newly discovered evidence reveals that the agents had in fact planted the additional

---

[2]    Hobson's Choice: A choice of taking what is available or nothing at all.
[3]    See, Exhibit 1 (Receipt for Property Received...Date 2/28/14 at 9:10 AM).

4

cell phones into evidence in a false and malicious prosecution against Brian, and thus, if not for
the planted evidence, Brian declares that he would have elected to go to trial rather than pleading
guilty.

10.     With this newly discovered evidence, Brian can finally prove his innocence.

11.     The unconstitutional conduct at issue shows deficient training, supervision, and discipline
by the FBI. Indeed, the planting of two cell phones and the fabrication of evidence is what
caused Brain to plead guilty to a crime in which he declares that he is actually innocent.

12.     Here, Brian asserts three underlying claims: (i) a claim of fabrication of evidence, in
violation of due process; (ii) a due process claim based on the failure to disclose exculpatory
material, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and (iii) a claim of malicious
prosecution.

13.     The "fabricated evidence" here is the government's false claim that Brian possessed three
cell phones containing illegal images of child pornography. What Brian challenges here is not
only the Government's failure to disclose evidence, but also the creation of false evidence.

14.     Respectfully, Brain cannot prove that the prosecution knew that the subject cells phones
were planted and admitted into evidence to be used against him; however, Brian does argue that
to allow his conviction to stand, based on the present knowledge that the evidence was falsified,
is a violation of his right to due process under the Fourteenth Amendment. *Id.*; *United States v.
Agurs*, 427 U.S. 97, 103, 49 L. Ed. 2d 342, 96 S. Ct. 2392 (1976); *Alcorta v. Texas*, 355 U.S. 28,
31, 2 L. Ed. 2d 9, 78 S. Ct.

15.     Assuming arguendo, a guilty plea is not valid if made without awareness of material
exculpatory evidence possessed by the prosecution. In *Sanchez v. United States*, the Ninth
Circuit adopted an even more expansive view of a defendant's Brady rights during plea

bargaining.[4] The Ninth Circuit began by discussing whether a defendant may raise a Brady claim

to vacate a guilty plea, noting that the Second, Sixth, and Eighth Circuits had already answered

in the affirmative.[5] The Ninth Circuit likewise allowed post-plea Brady challenges, finding that a

guilty plea cannot be knowing and voluntary if made without knowledge of material evidence

suppressed by the prosecution.[6] However, rather than following the Sixth Circuit's method of

considering the totality of the circumstances in determining whether a guilty plea was valid, the

Ninth Circuit held that a Brady violation automatically renders a plea unknowing and

involuntary.[7] The court found that such a rule makes sense because "'a defendant's decision

whether or not to plead guilty is often heavily influenced by his appraisal of the prosecution's

case.'"[8]

## A.    Plea Bargaining Process, Enforcement of Plea Agreements

16.    Ordinarily, a defendant who asserts a fact in answer to a judge's question during a

change-of-plea proceeding ought to be bound by that answer. That principle, however, does not

apply in exceptional circumstances. Brian's case fits within that exception. Respectfully, for

purposes of brevity, Brian restates, realleges, and relies on his declarations made herein at ¶¶ 1-

17.    Hence, during Brian's plea and sentencing hearings, his assertions in response to the

Court's questions were the product of being coerced into pleading guilty to avoid much longer

prison sentence.

---

[4]     50 F.3d 1448 (9th Cir. 1995).

[5]     *See id.* at 1453.

[6]     *See id.*

[7]     *See id.* ("A waiver cannot be deemed intelligent and voluntary if entered without knowledge of material information withheld by the prosecution." (internal quotation marks omitted)); *see also* Lain, *supra* note 154, at 8.

[8]     *Sanchez*, 50 F.3d at 1453 (quoting Miller v. Angliker, 848 F.2d 1312, 1320 (2d Cir. 1988)).

6

**B.** **A Guilty Plea that is Obtained Through "Coercion, Terror, Inducements, [or] Subtle or Blatant Threats" is Involuntary and Offensive to Due Process**

18.     For all the reasons stated herein, a guilty plea that is obtained through "coercion, terror, inducements, [or] subtle or blatant threats" is involuntary and offensive to due process. *Boykin v Alabama*, 395 U.S. at 243 [fn. omitted]; *Machibroda v. United States*, 368 U.S. 487 (1962); *Sanchez v. United States*, 50 F.3d 1448, 1454 (9th Cir. 1995). Even if a plea is entered with full knowledge of its direct consequences, it cannot stand if "induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutors business . . . . " *Brady v. United States*, 397 U.S. at 755 (1969) [citation omitted]. In Brain's case, his right to be free from a coerced confession was patently violated. *Chapman v California*, 386 U.S. at 23 n.8. Justice Stewart's concurring opinion cautioned that this list was not exhaustive and that other errors would also defy harmless error analysis. Id. at 42-44.

19.     Brian contends that he entered his guilty plea on advice of counsel that fails to meet the minimum standards of effectiveness derived from the Sixth Amendment. In advising an accused whether or not to plead guilty, counsel's duty is to determine if the plea is voluntarily and knowingly made. See, *United States v. Crooker*, 360 F. Supp. 3d 1095, (9th Cir. 2019). Brian contends in this motion that his attorney breached this duty by improperly exerting pressure on him, misrepresented material facts, and withheld information in order to induce a plea of guilty. This charge is supported by specific factual allegations and documented evidence. [See ¶¶ 9-11 herein].

20.     The Sixth Amendment guarantees the right of a criminal defendant to the assistance of counsel. U.S. Const. amend. VI. An assistance of counsel that is ineffective violates the Sixth

Amendment. *Strickland v. Washington*, 466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674

(1984). A defendant's counsel is constitutionally defective if two elements are met. First,

counsel's performance was deficient. *Id.* at 687. Second, the deficient performance prejudiced the

defendant. *Id.* The *Strickland* test applies to challenges to guilty pleas based on ineffective

assistance of counsel in procuring the plea agreement and advising the defendant

to plead guilty. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985); See

also, *United States v. Crooker*, 360 F. Supp. 3d 1095, 1109, 2019 U.S. Dist. LEXIS 16842, *25-

26, 2019 WL 427363.

21.     Brain argues that his attorney provided constitutionally defective representation because

his attorney failed to advise him that his conduct likely did not support a conviction for

Production of Child Pornography. Had Brian's attorney actually taken the time to research his

case, the evidence, and the elements required to provide Production of Child Pornography, the

attorney would have realized that the two cell phones containing illegal images of child

Pornography were illegally planted as evidence, and thus, the charges against Brain could not

stand. Hence, if not for withholding the subject evidence to coerce his guilty plea, Brain contends

that he would have insisted on going to trial had he known the fatal weaknesses in the

government's case.

22.     The first element of the ineffective assistance of counsel test is that the attorney's

performance was deficient. *Strickland*, 466 U.S. at 687. This requires a showing of errors so

serious that the counsel was essentially not functioning as a "counsel" under the Sixth

Amendment. Id. "Deficient performance is performance which is objectively unreasonable under

prevailing professional norms." *Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990). "In the

context of a guilty plea, the ineffectiveness inquiry probes whether the alleged ineffective

8

assistance impinged on the defendant's ability to enter an intelligent, knowing and voluntary plea of guilty." *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004). Defendants making ineffective assistance claims must overcome the "strong presumption that counsel's performance fell within the wide range of reasonably effective assistance." *Weygandt v. Ducharme*, 774 F.2d 1491, 1493 (9th Cir. 1985). When an attorney's conduct or advice can be interpreted as a strategic or tactical decision, the attorney acted competently unless that decision was "objectively unreasonable." Hughes, 898 F.2d at 703.

23.     In this case, had Brian's counsel researched the issue at hand, he would have seen that the Government planted two cell phones containing child pornography that made its way into the Government's evidence to be used against Brain. Additionally, counsel's failure to research Defendant's case or advise him that he likely did not commit the crime charged against him cannot be seen as a reasonably objective tactical or strategical decision; it was a failure to perform the duties expected of a defense attorney. *Hughes*, 898 F.2d at 703. Hence, for all the reasons set forth herein, this Court should find that defense counsel's acts and omissions crime constitutes deficient performance.

24.     The second element of an ineffective assistance of counsel claim is that the deficient counsel's performance prejudiced Defendant. *Strickland*, 466 U.S. at 687. To show that the defendant was prejudiced by counsel's behavior in facilitating the defendant's guilty plea, a defendant must prove that the defendant would have insisted on going to trial but for the counsel's errors. *Hill*, 474 U.S. at 59. If evidence shows that the defendant would have taken the plea deal regardless of counsel's deficiencies, such as receiving significant concessions in the plea agreement, then the counsel's deficient performance likely did not prejudice the defendant. *Weaver v. Palmateer*, 455 F.3d 958, 967-68 (9th Cir. 2006). Additionally, if the

9

evidence overwhelmingly establishes the defendant's guilt, then any deficient counsel's conduct is considered harmless. *Hughes*, 898 F.2d at 705.

25.     Here, it is reasonable to conclude that advising a defendant that he may not have committed the crime of which he is charged would cause the defendant not to plead guilty. If Brian had been advised by his defense attorney as to the likelihood of his acquittal, Brain would not have taken a guilty plea that resulted in a 180-month term of imprisonment. Additionally, without the illegally planted evidence the evidence does not overwhelmingly establish Brian's guilt. *Hughes*, 898 F.2d at 705. Brain has shown that his counsel's deficient representation prejudiced him.

## CONCLUSION

Respectfully, this Court should Grant Petitioner's relief sought for the reasons set forth herein. Alternatively, Brain prays for this Court to Order that an Evidentiary Hearing is required before ruling on these important matters.

DATE: 09 / 29 /2020

Respectfully submitted,

PATRICIA CAPUTO (As "Next Friend")[9] for
BRIAN CAPUTO, Reg. No. 71322-097
FCC YAZOO CITY
UNITED STATES PENITENTARY
P.O. BOX 5000
YAZOO CITY, MS 39194

[9] I, Patricia Caputo, hereby give notice that I am signing this document as "Next Friend" for the following reasons: 1) Petitioner is presently incarcerated in Yazoo City USP. In order to mitigate the spread of COVID-19, the Federal Bureau of Prisons has suspended inmates' internal movement within their place of incarceration. Hence, Petitioner does not have free and unlimited access to a prison law library or a jail house lawyer; 2) Petitioner is in the process of being transferred to another BOP facility. As such, the staff at Yazoo USP has packed Petitioner's belongings [including his 2255 legal documents], and therefore, Petitioner does not have access to his legal documents; and 3) I, Patricia Caputo [Petitioner's Mother], have been Granted "Power of Attorney" [a.k.a. "attorney-in-fact"] to act on behalf of Petitioner involving matters such as signing this document. See, Exhibit 3 (Patricia Caputo, Granted Power of Attorney to Act on Behalf of Brian Caputo (Petitioner)).

## CERTIFICATE OF SERVICE

I hereby certify that, on _09_ /_29_/2020, under the prison mailbox rule, a genuine copy of this instant Motion was delivered to prison authorities, with correct postage affixed thereto, for purposes of mailing same, via legal mail, to the following:

David L Gappa, AUSA United States Attorney's Office
Fresno 2500 Tulare Street Suite 4401
Fresno, CA 93721

Respectfully submitted,

BRIAN CAPUTO, Reg. No. 71322-097
FCC YAZOO CITY
UNITED STATES PENITENTARY
P.O. BOX 5000
YAZOO CITY, MS 39194

11

**EXHIBIT 1**

UNITED STATES DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION
Receipt for Property Received/Returned/Released/Seized

File # __30SH-SC-4480087__

On (date) __2/28/14__                            __9:10AM__         item(s) listed below were:
                                                                    ☐ Received From
                                                                    ☐ Returned To
                                                                    ☐ Released To
                                                                    ☒ Seized

(Name) __Patricia Caputo__

(Street Address) __1311 Haven Drive, Apt. 8__

(City) __Alvin CA__

Description of Item(s): ① Black Samsung phone (boostmobile) with battery

② Black Yiboyuan battery charger with Samsung battery

③ Sony Cyber-shot camera, serial # 71032 with Sony lanyard and Sony
256MB Memory Stick Pro Duo

④ HP Pavilion P6000 Series Computer, serial # MXX1290N4K with power cord

⑤ Belkin N450 DB wireless N Router, serial # 203186E5207743

⑥ Webstar modem, serial # 206406758 with power cord

Received By: _____
                (Signature)

Received From: _____
                (Signature)

**EXHIBIT 2**

**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No. 305H-SC-4480087

4550 California Ave.
Bakersfield, CA 93309
(661)323-9665

June 27, 2018

Inmate#: 71322-097
Brian Anthony Caputo
FCI Marianna
P.O. Box 7007.
Marianna, FL 32447

Mr. Caputo:

On 2/28/2014, the following items were acquired by the Federal Bureau of Investigation (FBI) and were placed into evidence:

1. Black Yiboyuan battery charger with Samsung battery

2. Belkin n450 db wireless N router, serial #20318GE5207243

3. Webstar modem, serial # 206406758

4. Samsung Gray in color model: SCH-U650 cell phone

5. IPhone Black in color Model: A1387

As required by federal regulations, you are hereby advised that you have thirty (30) days from the date postmarked on this letter to claim the above-described property. If the property is not claimed by this date, title to the property will vest in the United States pursuant to Title 41, Code of Federal Regulations (C.F.R.) - Section 128-48.102.1.

The responsibility of obtaining this property is your own, either by personally picking up the property or making the necessary arrangements to have a representative pick it up for you. In order to personally pick up the property, the following items must be supplied to the field office:

1. Two (2) pieces of identification; and
2. A copy of this letter.

In the event that a representative will be sent to pick up the property, in addition to the above requirements, a notarized letter from the owner, giving permission to obtain the property, must also be supplied.

If you have any questions, please contact Special Agent David L. Hunter, 4550 California Ave., Ste. 410, Bakersfield, CA 93309, telephone number (661) 852-2474 or email David.Hunter@ic.fbi.gov. It will be necessary for you to make an appointment to pick up the property.

The property will be released to you or your authorized representative, upon completion of an FBI Indemnity Agreement. This letter will be the only notice you will receive concerning this property.

Went into office to Pick up 7-23-18
Was denied due to there being an
ngoing appeal. / Cnou.

Sincerely,

Jose Moreno
Supervisory Special Agent

**EXHIBIT 3**

Recording Requested By

And when recorded mail to:

⌐　　　　　　　　　　⌐
Name

Street
Address

City
State
Zip

L　　　　　　　　　　⌐

_____ Space above this line for recorder's use _____

**WOLCOTTS FORMS, INC.**                                                                                    *SINCE 1893*

# Power of Attorney

NOTICE: THE POWERS GRANTED BY THIS DOCUMENT MAY BE BROAD AND SWEEPING. THIS DOCUMENT IS NOT INTENDED TO AUTHORIZE ANYONE TO MAKE MEDICAL OR OTHER HEALTH-CARE DECISIONS FOR YOU. IF YOU WISH TO DO SO, FORM #1401 IS DESIGNED FOR THAT PURPOSE. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO (FORM #1404).

I/We, __BRIAN ANTHONY CAPUTO_____

_____
NAME AND ADDRESS

the undersigned (jointly or severally, if more than one) appoint _PATRICIA LILLIAN CAPUTO_____

_____
NAME AND ADDRESS OF THE PERSON APPOINTED

as my AGENT (attorney-in-fact) to act for me in any lawful way with respect to the following initialed subjects:

## Initializing Instructions:

- Initial options (A) through (O) as appropriate. If you wish to include ALL options, you need only to initial option (P).
- If you wish to limit this power of attorney to a specific option or transaction select option (Q) and provide written instructions in the space provided below.
- If you select option (R) this becomes a general power of attorney (granting the broadest powers as allowed by law) except those powers that require a specific legal document by law, i.e.: A Medical Power of Attorney.

**INITIAL**

_____(A)  Real Property Transactions.
_____(B)  Tangible Personal Property Transactions.
_____(C)  Stock And Bond Transactions.
_____(D)  Commodity And Option Transactions.
_____(E)  Banking And Other Financial Transactions.
_____(F)  Business Operating Transactions.
_____(G)  Insurance And Annuity Transactions.
_____(H)  Estate, Trust, And Other Beneficiary Transactions
_____(J)  Claims And Litigation.
_____(K)  Personal And Family Maintenance. Benefits From Social Security, Medicare, Medicaid Or Other Governmental Programs Or Civil Or Military Service.

**INITIAL**

_____(L)  Retirement Plan Transactions.
_____(M)  Tax Matters.
_____(N)  Making Gifts To My Spouse, Children, And More Remote Descendants, And Parents, Not To Exceed In The Aggregate $12,000 To Each Of Such Persons In Any Year.
_____(O)  Full And Unqualified Authority To My Attorney(s)-In-Fact To Delegate Any Or All Of The Foregoing Powers To Any Person Or Persons Whom My Attorney(s)-In-Fact Shall Select.
_____(P)  **ALL THE POWERS LISTED ABOVE.**
_____(Q)  **ONLY THE POWERS SPECIFIED IN SPECIAL INSTRUCTIONS ON PAGE 2.**

_BAC_(R)  **ALL POWERS EXCEPT MEDICAL (GENERAL POWER OF ATTORNEY)**
**YOU NEED NOT INITIAL ANY OTHER OPTIONS IF YOU INITIAL OPTION (P) or (Q) or (R).**

©2007WolcottsForms,Inc.

Wolcotts Forms, our resellers and agents make no representations or warranty, express or implied, as to the fitness of this form for any specific use or purpose. If you have any question, it is always best to consult a qualified attorney before using this or any legal document.

7  67775  01410  5

#1410         REV. 05-09

**Special Instructions:**
On the following lines you may give special instructions limiting or extending the powers granted to your AGENT.

_____
_____
_____
_____

*To indicate when this document shall become effective, initial one of the following:*

✓ *BAC* **(A)** This document shall become effective upon the date of my signature.

_____ **(B)** This document shall become effective on _____.
DATE

_____ **(C)** This document shall become effective upon the date of my disability and shall not otherwise be affected by my disability. **(Springing)**

*Initial one of the following only, if you have initialed (a) or (b) above:*

✓ *BAC* This document shall not be affected by my subsequent disability. **(Durable)**

_____ This document shall be revoked by my subsequent disability. **(Non-Durable)**

*If you want to limit the term of this document, initial one of the following:*

_____ This document shall only continue in effect for _____ ❏ years or ❏ months. **(Limited)**

_____ This document shall terminate on _____. **(Limited)**
DATE

If I have initialed option (c) and I have become incapacitated, during the term of this document, the time limitations above shall be null and void.

**Unless you direct otherwise above, this power of attorney is effective immediately and will continue until it is revoked. If either of the durable or springing paragraphs is initialed then the notice to persons executing durable power of attorney below applies.**

### NOTICE TO PERSON EXECUTING DURABLE POWER OF ATTORNEY

A durable power of attorney is an important legal document. By signing the durable power of attorney, you are authorizing another person to act for you, the principal. Before you sign this durable power of attorney, you should know these important facts:

Your AGENT (attorney-in-fact) has no duty to act unless you and your AGENT agree otherwise in writing.

This document gives your AGENT the powers to manage, dispose of, sell, and convey your real and personal property, and to use your property as security if your AGENT borrows money on your behalf. This document does not give your AGENT the power to accept or receive any of your property, in trust or otherwise, as a gift, unless you specifically authorize the AGENT to accept or receive a gift.

Your AGENT will have the right to receive reasonable payment for services provided under this durable power of attorney unless you provide otherwise in this power of attorney.

The powers you give your AGENT will continue to exist for your entire lifetime, unless you state that the durable power of attorney will last for a shorter period of time or unless you otherwise terminate the durable power of attorney. The powers you give your AGENT in this durable power of attorney will continue to exist even if you can no longer make your own decisions respecting the management of your property.

You can amend or change this durable power of attorney only by executing a new durable power of attorney or by executing an amendment through the same formalities as an original. You have the right to revoke or terminate this durable power of attorney at any time, so long as you are competent.

This durable power of attorney must be dated and must be acknowledged before a notary public or signed by two witnesses. If it is signed by two witnesses, they must witness either (1) the signing of the power of attorney or (2) the principal's signing or acknowledgment of his or her signature. A durable power of attorney that may affect real property should be acknowledged before a notary public so that it may easily be recorded.

You should read this durable power of attorney carefully. When effective, this durable power of attorney will give your AGENT the right to deal with property that you now have or might acquire in the future. The durable power of attorney is important to you. If you do not understand the durable power of attorney, or any provision of it, then you should obtain the assistance of an attorney or other qualified person.

Page 2 of 4

**You may designate an alternate AGENT (attorney-in-fact).** Any alternate you designate will be able to exercise the same powers as the AGENT(S) you named at the beginning of this document. If you wish to designate an alternate or alternates, complete the following:

If the AGENT(S) named at the beginning of this document is unable or unwilling to serve or continue to serve, then I appoint the following AGENT(S) to serve with the same powers:

Name(s) of first alternate AGENT(S): _____

_____
ADDRESS OF THE FIRST ALTERNATE AGENT(S)

Name(s) of second alternate AGENT(S): _____

_____
ADDRESS OF THE SECOND ALTERNATE AGENT(S)

*IF YOU HAVE APPOINTED MORE THAN ONE AGENT, CHECK ONE OF THE FOLLOWING:*

☐ Each AGENT may exercise the powers conferred separately, without the consent of any other AGENT.

☐ All AGENTS shall exercise the powers conferred jointly, with the consent of all other AGENTS.

## NOTICE TO PERSON ACCEPTING THE APPOINTMENT AS AGENT

By acting or agreeing to act as the AGENT (attorney-in-fact) under this power of attorney you assume the fiduciary and other legal responsibilities of an AGENT. These responsibilities include:

The legal duty to act solely in the interest of the principal and to avoid conflicts of interest.

The legal duty to keep the principal's property separate and distinct from any other property owned or controlled by you.

You may not transfer the principal's property to yourself without full and adequate consideration or accept a gift of the principal's property unless this power of attorney specifically authorizes you to transfer property to yourself or accept a gift of the principal's property. If you transfer the principal's property to yourself without specific authorization in the power of attorney, you may be prosecuted for fraud and/or embezzlement. If the principal is 65 years of age or older at the time that the property is transferred to you without authority, you may also be prosecuted for elder abuse under applicable state law. In addition to criminal prosecution, you may also be sued in civil court.

I/We have read the foregoing notice and I/We understand the legal and fiduciary duties that I/We assume by acting or agreeing to act as the AGENT(S) (attorney-in-fact) under the terms of this power of attorney.

_Patricia Caputo_
AUTOGRAPH OF AGENT

_Patricia Caputo_
PRINT NAME OF AGENT

_05/09/2014_
DATE

_____
AUTOGRAPH OF AGENT

_____
PRINT NAME OF AGENT

_____
DATE

_____
AUTOGRAPH OF AGENT

_____
PRINT NAME OF AGENT

_____
DATE

GIVING AND GRANTING unto my said Attorney full power and authority to do and perform all and every act and thing whatsoever requisite, necessary or appropriate to be done in and about the premises as fully to all intents and purposes as I might or could do if personally present, hereby ratifying all that my said Attorney shall lawfully do or cause to be done by virtue of these presents. The powers and authority hereby conferred upon my said Attorney shall be applicable to all real and personal property or interests therein now owned or hereafter acquired by me and whatever situate.

My said Attorney is empowered hereby to determine in his/her sole discretion the time when, purpose for and manner in which any power herein conferred upon him/her shall be exercised, and the conditions, provisions and covenants of any instrument or document which may be executed by him/her pursuant hereto; and in the acquisition or disposition of real or personal property, my said Attorney shall have exclusive power to fix the terms thereof for cash, credit and/or property, and if on credit with or without security.

When the context so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

This Power of Attorney signed this _____9ᵗʰ_____ day of ___MAY_____, _2014_.

_Brian Anthony Caputo_
**Principal's Signature**

State of _CALIFORNIA_____

County of _KERN_____

On _MAY 9, 2014_____, before me, _Anthony BERNAL_,

Notary Public, personally appeared _BRIAN ANTHONY CAPUTO_ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument, the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_Anthony Bernal_
Signature            (seal)

ANTHONY BERNAL
COMM. # 1913141
NOTARY PUBLIC-CALIFORNIA
COUNTY OF KERN
MY COMM. EXP. NOV. 13, 2014

### OR WITNESSES

We declare under penalty of perjury under the laws of the State of _____ that the person who signed or acknowledged this document is personally known to us (or proved to us on the basis of convincing evidence) to be the principal who signed or acknowledged this power of attorney in our presence.

Executed this _____ day of _____.

_____         _____
WITNESS AUTOGRAPH                          WITNESS AUTOGRAPH

_____         _____
ADDRESS                                              ADDRESS

_____         _____
CITY, STATE AND ZIP                             CITY, STATE AND ZIP

Thumbprint                                    Thumbprint

