United States District Court
Eastern District of California

| Brian Caputo, Petitioner, | CR No. 1:14-cr-00041-~~LJO~~ ~~JLT~~-1 |
| v. | Request For Release Of Warrant |
| United States Of America, Respondent. | Filed Under Seal |

FILED
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

COMES NOW, Brian Caputo (Petitioner), asking to allow him a copy of the search warrant executed on:

Febuary 28, 2014,

of his residence located at:

1311 Haven Drive, Apt. 8
Arvin, Ca. 93203.

RECEIVED
NOV 02 2020
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____DEPUTY CLERK

Petitioner, is led to believe the warrant that was issued is classified as a Jhon Doe warrant. Which would apply to his 28 U.S.C. §2255. If so, this would prove an invalid warrant was issued, and therefore an illegal search was conducted as a warrant must particularly describe the place to be searched, the items to be seized, as well as the person sought.

On the above specified date, the Federal

Bureau of Investigation (FBI), had knocked and announced their presance at his residence, and presented the warrant to petitioners mother (Patricia Caputo). Once inside, the FBI asked, "if anyone else lived here." Showing petitioners name could not have been on the warrant.

As the FBI had learned of his residency, they asked where he was. They had then left the residence, gotten into their vehicles, and left the driveway (parking lot), legally completing the warrant via "the parking lot rule." The FBI then drove half a mile to petitioners place of work (Burger King) An address not specified on the warrant, to illegally obtain petitioners cell phone (Black Samsung Phone [boostmobile]), and his person (whom is believed not to have been mentioned in the warrant), as seen in the video obtained from Burger King.

The FBI, then escorts petitioner to his residence, walks inside to search and question him, exicuting a second search on a previously executed warrant, thus illegal. Showing the FBI had gone beyond the scope of the warrant. As they went to an unspecified address, illegally obtained items outside the scope of the warrant

as well as planted evidence as seen in the June 27, 2018, letter by the FBI, and assumingly detained an individual that was not mentioned as a person of intrest in the warrant.

    As this warrant under seal is also, further failure to disclose exculpatory material withheld by the prosecution.

    Petitioner prays this court grant him a copy of the original warrant from its files which are under seal, to prevent any third party tampering of evidence.

Wednesday, October 28, 2020    Respectfully,
Brian Caputo
*Brian Caputo*