UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>BRIAN CAPUTO,<br><br>            Defendant. | No.  1:14-CR-00041-NONE-SKO<br><br>ORDER DENYING REQUEST TO PERMIT NEXT FRIEND TO SIGN AND FILE DOCUMENTS ON DEFENDANT'S BEHALF AND DENYING WITHOUT PREJUDICE REQUEST FOR RELEASE OF WARRANT UNDER SEAL<br><br>(Doc. Nos. 141, 151) |

   Defendant Brian Caputo currently is serving a fifteen-year term of imprisonment which was imposed on November 7, 2016, following his plea of guilty to one count of receiving a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2). (Doc. No. 97.)  Defendant's plea agreement contained a waiver of the right to appeal and/or collaterally attack his plea, conviction, forfeiture order, restitution, or sentence, with an exception for non-waivable claims.  (Doc. No. 80 at 3.)   Defendant's judgment of conviction was affirmed on appeal.  (Doc. No. 128.)

   Defendant has now filed a *pro se* request for a copy of "the search warrant executed on February 28, 2014," at his residence.  (Doc. No. 151 at 1.)  Defendant asserts that review of that warrant will reveal various infirmities with the warrant itself and with aspects of its execution. (*Id*. at 1–2.)  Defendant also indicates his belief that because "this warrant [is] under seal" that

status "is also further failure to disclose exculpatory material withheld by the prosecution." (*Id*. at 3.) Defendant further asks the court to "grant him a copy of the original warrant from its files which are under seal, to prevent any third party tampering of evidence." (*Id*.)

The court will deny this request without prejudice. The court notes that defendant was represented by counsel during the proceedings before this court (initially by Assistant Federal Defenders Victor Chavez and Jerome Price and later by private counsel Eric Chase). Defendant is therefore directed to communicate with his prior counsel to obtain copies of any documents he wishes to obtain from his file. To facilitate that process, the court will send a copy of this order to his prior defense counsel. If these communications prove unproductive, defendant may file a request for further action by the court. Any such request must explain defendant's efforts to communicate with his prior counsel in order to obtain documents from his file that were produced by the prosecution in discovery.

Finally, in a separate filing, defendant indicates that due to the ongoing public health crisis, his present place of incarceration is in lockdown and he lacks access to the law library. (Doc. No. 144.) Defendant also indicates that as of that date of that filing (November 2, 2020), he was in quarantine awaiting transfer to another facility. (*Id*.) In light of this, he requests that the court allow Patricia Caputo, who apparently holds defendant's power of attorney, to sign and send in filings on defendant's behalf, as he "doesn't want further issues with his mail becoming 'lost.'" (*Id*.) There is no recognized procedure that would permit the court to grant this request. Ms. Caputo cannot proceed as defendant's "next friend" because she is not an attorney. *See Simon v. Hartford Life, Inc*., 546 F.3d 661, 664 (9th Cir. 2008) ("courts have routinely adhered to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"). Although the federal habeas corpus statute permits a "next friend" to pursue a habeas action on behalf of another in certain circumstances, *see* 28 U.S.C. § 2246, the statute does not authorize the "next friend" to proceed without an attorney. *See Lovett v. Adams*, No. EDCV 18-00338-MWF €, 2018 WL 3239939, at *1 (C.D. Cal. June 28, 2018) (citing *Stoner v. Santa Clara County Office of Educ*., 502 F.3d 1116, 1127 (9th Cir. 2007) (although False Claims Act authorized a relator to bring a qui tam action on behalf of the government, statute did

not authorize relator to proceed pro se); Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) ("individuals not licensed to practice law by the state may not use the 'next friend' device as an artifice for the unauthorized practice of law")).

## CONCLUSION

For the reasons set forth above:

(1) Defendant's request for a copy of "the search warrant executed on February 28, 2014," at his residence (Doc. No. 151) is DENIED without prejudice.  Defendant is directed to communicate with counsel to obtain copies of any documents he may require from his file that were produced to himself and his counsel by the prosecution in discovery.  To facilitate that process, the Clerk of Court is directed to serve a copy of this order on defendant's prior defense counsel; and

(2) Defendant's request to authorize Patricia Caputo to act as his "next friend" is DENIED.[1]

IT IS SO ORDERED.

Dated:  **November 16, 2020**                         /s/ Dale A. Drozd
                                                UNITED STATES DISTRICT JUDGE

---

[1] Defendant Caputo has also filed motions to vacate, set aside, correct or reduce his sentence with this court (Doc. Nos. 130, 136), as well as a motion for compassionate release (Doc. No. 139). Those motions will be addressed, when appropriate, by separate orders.

3