Carolyn D. Phillips, #103045
Attorney-At-Law
P.O. Box 5622
Fresno, California 93755-5722
Telephone: (559)248-9833
Facsimile: (559) 248-9820

Attorney for Defendant BRIAN CAPUTO

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:14-cr-41 |
| Plaintiff, | EMRGENCY REQUEST FOR IMMEDIATE COURT ACTION ON MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A)(i); DECLARATION OF CAROLYN D. PHILLIPS IN SUPPORT OF EMERGENCY REQUEST |
| v. | |
| BRIAN CAPUTO, | |
| Defendant. | |
| | [COMPASSIONATE RELEASE] |

  Defendant Brian Caputo submits that his incarceration at FCI-Marianna has placed him in physical danger as a result of the punitive and retaliatory behavior of prison custodial staff toward Mr. Caputo which is jeopardizing his physical health. As set forth in Mr. Caputo's § 3582 motion currently pending before this court (Doc. 39.) Mr. Howe suffers from a cluster of rare degenerative genetic disorders, including CADASIL a stroke disorder. He has a history of strokes over the past 8 years beginning at the age of 25. These conditions make him particularly vulnerable to COVID-19 infection. If infected he will likely suffer serious disability or death.

The bases for this Emergency Request follow recent disturbing actions and interactions with custodial staff at FCI-Marianna.  (See Declaration of Carolyn D. Phillips filed herewith.)  Upon arriving at FCI-Marianna October 20, 2020, Mr. Caputo was given a medical single-cell pass based on his particular vulnerability to COVID-19. As set forth in Mr. Caputo's Reply Brief in Support of the § 3852 Motion, (Doc. 139), custodial staff, determined to place an inmate in Mr. Caputo's cell, refused to recognize Mr. Caputo's medical single-cell pass and threatened punitive action if Mr. Caputo refused to allow another person to share his cell.  Following intervention by counsel through the Health Services Department at the prison, the cellmate was removed.  However, yesterday following a legal call with Mr. Caputo, custodial staff advised Mr. Caputo that his single-cell designation had been eliminated and again threatened to place an inmate in his cell.  (Dec. ¶4.)  Warden Mackelburg's letter attached to the Declaration of Carolyn Phillips, confirms that Mr. Caputo will no longer be single celled despite this designation coming from medical concerns.  It is anticipated that an influx of new inmates will be arriving at the institution before Christmas, and Mr. Caputo has been told to expect an inmate to be housed in his cell.  This action will increase the threat of infection for Mr. Caputo making it more difficult to adhere to CDC guidelines especially for someone within a group recognized by the NIH as particularly vulnerable.  (See Doc. 139, at pp.  11-12.)

These actions by custodial staff place Mr. Caputo in immediate risk of infection and reflects a disdain of custodial staff toward Mr. Caputo in regard to his serious medical concerns.  As set forth in Mr. Caputo's pleadings (Docs. 139 and 157), there is inconsistent adherence by staff and an inability by inmates to follow CDC protocols.  Further, custodial staff's punitive approach to Mr. Caputo's serious medical concerns prevents Mr. Caputo from the protections he needs in order to avoid infection.

Emergency Request for Immediate Court Action on Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i); Declaration of Carolyn D. Phillips

2

With increasing numbers of inmate infections, Mr. Caputo is at extreme risk of suffering severe consequences from an infection. Today Mr. Caputo was in medical with nine other inmates. These nine inmates all tested positive for COVID-19.

Examples of custodial staff targeting Mr. Caputo with ongoing retaliatory actions include: losing Mr. Caputo's legal mail to counsel and to the U. S. District Court, refusal to provide Mr. Caputo with administrative complaint forms, and denying Mr. Caputo confidential legal telephone calls with counsel. Regarding the latter, counsel had arranged a legal call with Mr. Caputo through his counselor for December 17, 2020. At the time specified for the call, no call was received. Counsel had to contact the facility and locate the counselor for the call. The counselor placed Mr. Caputo in the staff break room for the call which resulted in repeated interruptions as various staff came in and out of the room, leaving the door open and threatening Mr. Caputo if he shut the door. (See Declaration of Carolyn Phillips filed herewith.) This type of retaliatory behavior must cease.

Mr. Caputo is requesting this court order FCI-Marianna follow the protocols for legal calls, and to cease and desist in interfering with Mr. Caputo's ability to communicate with counsel and the court. As set forth in the attached declaration, the filing deadline for Mr. Caputo's Reply Brief was delayed in order to submit a declaration from Mr. Caputo, however, counsel still has not received the declaration which Mr. Caputo personally delivered to the facility's mail room November 23, 2020. Other legal mail addressed to the court on Mr. Caputo's pending § 2255 petition was "lost" by the mailroom.

Another example of continued harassment, Mr. Caputo completed his GED while still incarcerated at USP Yazoo City, MS. This should have resulted in a two-level reduction in his security level from medium security to low security, however, no steps were taken by USP Yazoo City to implement the reduction. As a low-level security inmate, Mr. Caputo is eligible for transfer to FCI Terminal Island a Care Level 3 facility

which is within 500 miles of his family.  However, until FCI-Marianna recognizes Mr. Caputo's security level reduction, he remains at the mercy of FCI-Marianna custodial staff.

     On behalf of Mr. Caputo, we implore the Court to take immediate action on his § 3582 motion.

Dated:   December 18, 2020                                       Respectfully submitted,


                                                 /s/ Carolyn D. Phillips
                                               Carolyn D. Phillips
                                               Appointed Counsel for
                                               Brian Caputo