UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | No. 1:14-cr-41 WBS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BRIAN CAPUTO, | |
| Defendant. | |

----oo0oo----

Defendant Brian Caputo has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docket No. 139.)[1]

The court recognizes that defendant has serious medical issues, including suffering from multiple strokes and other severe neurological conditions, and that he appears to be at higher risk to complications from COVID-19 as a result of these

---

[1] The government concedes that defendant has exhausted his administrative remedies.

1

medical issues.[2]  Nevertheless, to be eligible for compassionate release, defendant must demonstrate that he is "not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2); United States v. Richardson, No. 2:16-cr-69 TLN, 2020 WL 5203430, at *2 (E.D. Cal. Sept. 1, 2020).

Here, as discussed by Judge O'Neill at the time of sentencing, as a result of defendant's conduct, "girls between ages 11 and 15 were required not only to, out of total fear . . . to take photos of themselves, but also to perform sexual acts on themselves, that were then not only given to [the defendant], and the girls knew it, but then they were distributed to others." (Sentencing Tr. 12 (Docket No. 113); see also Presentence Report (Docket No. 91).)[3]  Given the gravity and severity of this conduct, which was emphasized repeatedly by Judge O'Neill at sentencing, and which defense counsel largely ignores in the instant motion, defendant has not met his burden of showing that he is not a danger to the safety of any other person or the community.

IT IS THEREFORE ORDERED that defendant's motion for compassionate release (Docket No. 139), be, and the same hereby

---

[2]  The court notes that defendant's neurological issues existed at the time of sentencing and were taken in account at that time and also on defendant's unsuccessful appeal. (See Docket Nos. 113, 128.)

[3]  The court also notes that defendant proposes being released to home confinement to live with his mother, where he engaged in the conduct which was the subject of his conviction in this case. See, e.g., United States v. Mitchell, No. 2:12-cr-0401 KJM, 2020 WL 2770070, at *4 (E.D. Cal. May 28, 2020) (listing cases denying motions for compassionate release by defendants convicted for child pornography, due to the risk of reoffending if released to home confinement).

2

1 | is, DENIED.

2 | Dated: January 14, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE