UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | No. 1:14-cr-41 WBS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| BRIAN CAPUTO, | |
| Defendant. | |

----oo0oo----

Defendant Brian Caputo has filed a motion to reconsider the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docket Nos. 165, 166.) The motion presents no new facts which the court did not consider in denying the original motion. The court continues to reject defendant's claim that he is not a danger to the community. That was, and still is, the basis upon which the court denies defendant's motion under § 3582(c)(1)(A). Moreover, for the following reasons, even assuming defendant had met his burden of showing he was not a danger to the community, the court is not satisfied

1

that it would find the "extraordinary and compelling" reasons required by 18 U.S.C. § 3582(c)(1)A)(i) and U.S.S.G. § 1B1.13 to grant his motion for compassionate release.

The Application Notes of Section 1B1.13 of the Sentencing Guidelines define the "extraordinary and compelling reasons" which make a defendant eligible for compassionate release to include "a terminal illness", see U.S.S.G. §1B1.13 at n.1(A)(i); (2) a serious medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover", see id. at n.1(A)(ii); (3) the defendant is at least 65 years old, experiencing a serious deterioration in physical or mental health because of the aging process and "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less", id. at n.(1)(B); or (4) "[a]s determined by the Director of the Bureau of Prisons ("BOP"), there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)". Id. at n.(1)(D).

In defendant's motion for compassionate release he argued that the current pandemic meets the definition of an "extraordinary and compelling" circumstance to justify his release.  More specifically, he argued that his medical history of congenital brain abnormalities, stroke, and Multiple Sclerosis put him at increased risk of contracting the coronavirus.  The only changed circumstance since the filing of that motion is that defendant has since tested positive for COVID-19.  The issue now,

2

therefore, is not whether he will be more likely to contract the virus, but whether he will be less likely to receive proper medical care, in prison than he would on the outside.

Even though his medical conditions may place him at a higher risk of complications from COVID-19, defendant has not shown that he is not being properly treated for COVID-19 after this positive test.  Further, notwithstanding defendant's claims that he is not being properly treated for his preexisting medical conditions, defendant has made no showing that he would receive any better care outside of the Bureau of Prisons than he will receive in custody.  To the contrary, defendant represents that if he is released he will have to rely on Medicare for his medical treatment, and although his mother is "working to identify specialists" to treat his conditions, the court has no assurance that whatever arrangements she might be able to make for his treatment would be any better than the care available for him through the Bureau of Prisons.

For these reasons, and for the reasons set forth in the court's prior order, defendant's motion to reconsider (Docket No. 166) is DENIED.

IT IS SO ORDERED.

Dated:  January 26, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3