PHILLIP A. TALBERT
Acting United States Attorney
MICHAEL G. TIERNEY
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:14-CR-00041-WBS-SKO |
|---|---|
| Plaintiff, | DECLARATION OF SPECIAL AGENT DAVID HUNTER IN SUPPORT OF UNITED STATES' OPPOSITION TO DEFENDANT'S PETITION UNDER 28 USC 2255 |
| v. | |
| BRIAN CAPUTO, | DATE: TBD |
| Defendant. | TIME: TBD |
| | COURT: Hon. William B. Shubb |

I, David L. Hunter, declare under the penalty of perjury that:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI). I am presently assigned to the Sacramento Field Office, Bakersfield Resident Agency. I have been an FBI Special Agent since December 2010. I was assigned to the investigation of Brian Caputo in 2014.

2. I have reviewed the defendant's "Motion to Vacate All Charges" filed May 12, 2020. I understand that Mr. Caputo has alleged that the FBI seized two phones from him (a gray Samsung and a black iPhone) in February 2014 that were not disclosed until June 2018. I have also reviewed items from the FBI's case file regarding the two phones.

3. Mr. Caputo's allegations are not accurate. The gray Samsung and the black iPhone belonged to a victim. They were consensually provided by the victim's father to FBI Task Force Officer Robert Hanner in El Paso, Texas in June 2013.

4. TFO Hanner then transmitted the phones to an FBI evidence room in Sacramento and they were logged into evidence.

5. The June 2018 letter attached to Mr. Caputo's motion was generated in the course of the FBI potentially closing the investigation.

6. Because the two cellular phones of the victims were entered as evidence in this case, it appears that they were included the June 2018 letter as if they belonged to Mr. Caputo and his family. This was erroneous, because they belonged to the victim. Fortunately, the administrative error did not lead to Mr. Caputo and his family retrieving the victims' phones. Since the case is ongoing in the court system, FBI personnel ultimately denied Mr. Caputo's family member permission to retrieve the items listed in the June 2018 letter, including the phones in question.

7. Since reviewing the documents in this matter, I have taken steps to ensure that the phones will be removed from any future notices sent to Mr. Caputo or his family. Because they belong to the victim and her family, the FBI cannot return them to Mr. Caputo.

DATED: March 25, 2021

_____
DAVID L. HUNTER
Special Agent, Federal Bureau of Investigation