BRIAN CAPUTO, Reg. No. 71322-097
FCI MARIANNA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7007
MARIANNA, FL 32447



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN CAPUTO

      Movant,

v.                          CR. No. 1:14-cr-00041-LJO-SKO-1

UNITED STATES OF AMERICA,

      Respondent.

**PETITIONER'S TIMELY REPLLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE SENTENCE PUSUANT TO 28 U.S.C. § 2255**
(DOC 130, 136, 138, 168)

      For purposes of brevity, Mr. Caputo's pro se reply brief does not address each and every way in which the Respondent has distorted his issues presented in this § 2255 proceeding, but instead focuses on the most glaring flaws in the Respondent's arguments and reiterates why Mr. Caputo should be granted his relief sought. This reply brief is intended solely to respond to the Respondent's contentions that require further discussion for proper determination of Mr. Caputo's primary issue. This reply brief does not respond to issues that Mr. Caputo believes were adequately discussed in his § 2255 Memorandum, and thus, Mr. Caputo intends no waiver of his issues by not expressly reiterating them herein. Here, Mr. Caputo respectfully relies on the shocking and [**additional**] new evidence revealed in the Government's Opposition Response.

## INTRODUCTION[1]

Importantly, while Brian was reviewing the Government's Opposition brief, he discovered for the first time, **[more]** material evidence that would have significantly assisted in the preparation of his trial defense. Consequently, either the Government withheld this material and favorable evidence from Brian's defense attorney, or Brian's defense attorney [failed] to inform him that this material evidence existed. Had Brian known of the evidence described herein, he declares that he would have insisted on going to trial instead of pleading guilty.

For all the reasons stated herein, a careful review of the Government's opposition brief reveals that Brian was deprived of rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution when he was misled into entering an involuntary, unknowing, and unintelligent guilty plea as a result of gross mis-advice, constituting ineffective assistance of counsel and/or government misconduct.

## REQUEST FOR EVIDENTIARY HEARING[2]

For all the reasons stated herein, Brian's conviction and sentence resulting from his involuntary plea should be vacated. As such, Brian moves this Court for an evidentiary hearing to resolve the issue of [who] withheld the material evidence from Brian. Was it the Government… or was it Brian's defense attorney? Either way, Brian was prejudiced.[3]

---

[1] The thrust of Brian's original issue raised in his Sec. 2255 Motion is that newly discovered evidence shows that the agents in his case somehow planted two-cell phones in his case, and if not for this apparent mishap, he would have insisted on going to trial instead of pleading guilty under defense counsel's pressure. Doc. 138

[2] A district court must grant an evidentiary hearing on a petitioner's 28 U.S.C.S. § 2255 motion if there is a factual dispute and the petitioner's version, if true, would warrant relief. An evidentiary hearing is particularly appropriate when the claim involves facts that occurred outside the courtroom. United States v. Hammond, 50 Fed. Appx. 363, 364, 2002 U.S. App. LEXIS 23318, *1

[3] Contrary to the Government's argument [Opposition at pages 4-5] collateral-attack waivers do not bar ineffective-assistance claims that directly implicate the voluntariness of a guilty plea. *United States v. Malauulu*, No. 2:15-CR-00124-KJM, 2020 WL 3642611, at *3 (E.D. Cal. July 6, 2020).

I. **ARGUMENT**

**Shockingly, The Government's Response in Opposition to Mr. Caputo's "Brady" Claim Reveals Startling [New Evidence] that Materially Bolsters His Claim that, But for the Material Information Withheld, He Would Not Have Entered a Guilty Plea – But Insisted on Going to Trial**

A. **The Withheld Evidence Would Have Aided Brian in Developing a Strong Trial Defense While Negating the Government's Case Against Him**

1. The Government's Response surprisingly reveals [**more** new material evidence] than what Brian was aware of – at the time he was pressured by defense counsel to plead guilty. Here, because the withheld evidence would have aided Brian in preparing a strong trial defense, while negating the Government's charges against him, Brian declares that he would have insisted on going to trial instead of buckling under the pressure of his defense attorney to plead guilty.

2. In the context of this claim, the prejudice showing requires that Brian "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and instead would have insisted on going to trial." *Hill v Lockhart,* 474 U.S. at 59 (1985). The Supreme Court recently clarified that this showing is [not] contingent on the defendant having a reasonable defense, or any objective likelihood of acquittal, because the error which is being remedied is the "denial of the entire judicial proceeding ... to which [s]he had a right." *Lee v. United States,* 137 S.Ct. 1958, 1965 (2017).

3. As detailed below, the Government's Response, concessions, and exhibits are unusually telling in that they factually supports Brian's contention that material evidence was withheld from him – either by defense counsel or the Government, and thus, he was prejudiced as a result.[4]

---

[4] Respectfully, Brian asks for this Court to recall how it had to reprimanded Defense Counsel during one of Brian's prior court proceeding, thus, threatening to charge Defense Counsel a fee/penalty of $5,000 per day.

### B. If Not for The Withheld Evidence, Brian Would Have Insisted on Going to Trial Instead of Buckling Under Defense Counsel's Pressure to Plead Guilty.

4. The Government's Opposition Brief reveals that the Government's "Microsoft Life Cam" video had subsequently been destroyed during its investigation. Brian was [not] aware of this fact until he read the Government's Response. The Government's admission reads:

> The cover letter identified both phones as belonging to SH. May 2016 Disc. Ltr. at 2. It noted that the government was making the Gray Samsung obtained from SH available to the defense. May 2016 Disc. Ltr. at 2. The cover letter also made available the Black iPhone. *Id.* It informed Caputo's counsel that the phone had been damaged when received by law enforcement. *Id.* It noted that Hanner had taken a "Microsoft Life Cam" video of certain information on the phone, but that "Life Cam" video had subsequently been destroyed. *Id.* at 2. The letter notified Caputo's counsel that the government was making renewed efforts to forensically analyze the phone.

Govt Opposition at page 3.

5. Next, the Government's Opposition reveals that its investigation involved lost evidence, destroyed evidence, and manifestly inaccurate errors at best. Respectfully, whether these mishaps resulted from investigative sloppiness or intentional misconduct, it happened. Thus far, the cumulate withheld information would have aided Brian's defense because it would have supported his "lack of evidence" defense [at trial], and thus, negated the Government's case against him.[5]

> The Black iPhone possessed limited evidentiary value. It was damaged by SH's father—apparently so damaged that traditional forensic analysis was impossible. May 2016 Disc. Ltr. at 2. TFO Hanner did observe a few images of possible child pornography on the phone. Hanner Rep. at 4. But even that evidence was of uncertain value because Hanner had lost the record of those photographs. May 2016 Disc. Ltr. at 2. The Gray Samsung fared little better. Hanner's report did not reveal any images of child pornography, only some text messages that may have been from Caputo. Hanner Rep. at 4.

Govt Opposition at page 8

---

[5] I, Brian Caputo, declare under penalty of perjury that, until I reviewed the Government's Response, I was [not] aware that the evidence described herein existed. Had I been made aware of this material evidence; I declare that I would have insisted on going to trial instead of pleading guilty.

4

> While Caputo's appeal was pending, the FBI made preparations to close the case. Hunter Decl. at ¶ 5. Those preparation included a letter to Caputo notifying him that he or is family members could submit a claim for items acquired "[o]n February 28, 2014" (the date the FBI executed the search warrant on Caputo's residence). Doc. 130 at 4. The letter included three items that were seized during the search (a battery charger, a wireless router, and a modem). But due to apparent administrative error, it also included SH's Black iPhone and her Gray Samsung.

Govt Opposition at page 5.

Continued on next page…

> It is true that the June 2018 FBI letter to Caputo indicates that the FBI acquired the Gray Samsung and Black iPhone on the date the FBI searched his residence. Doc. 130 at 4. But the letter is manifestly inaccurate: the Black iPhone and Gray Samsung were in an El Paso Police Department evidence room until mid-2016. FBI Property Documents at 3-4.

Govt Opposition at page 6.

    6. As with Brian's *Brady* grounds for relief, because of the now-cumulative newly discovered evidence, his claim for ineffective assistance of counsel succeeds because it has documented factual support; it also succeeds because he can demonstrate prejudice. Contrary to the Government's Opposition, collateral-attack waivers do not bar ineffective-assistance claims that directly implicate the voluntariness of a guilty plea. *United States v. Malauulu*, No. 2:15-CR-00124-KJM, 2020 WL 3642611, at *3 (E.D. Cal. July 6, 2020). Such claims must, however, have a sufficient basis, as with all § 2255 claims. And they must meet the ordinary ineffective assistance of counsel test, that (1) "counsel's performance was so seriously deficient that counsel was not functioning as the 'counsel guaranteed by the Sixth Amendment; and (2) . . . [that] counsel's deficient performance was prejudicial to the outcome. *Id.* at * 2, *quoting Strickland v. Washington*, 466 U.S. 668, 687 (1984). Here, prejudice means a reasonable probability that except for the alleged errors, Brian would have decided to go to trial. *United States v. Guesar*, No. CR07-1135PHX-NVW, 2009 WL 2259714, at *5 (D. Ariz. July 27, 2009). Hence, Brian has

established prejudice because if not for the withheld evidence, he declares that he would have insisted on going to trial instead of pleading guilty to a coerced and involuntary plea.

7. Contrary to the Government's misconception [Opposition at page 10], Brain's claim does [not] simply speculate that material evidence was withheld from him. Contrarily, as shown herein, this new documented evidence is revealed via the Government's Opposition Response. Hence, the Government's argument must fail. Indeed! But for the withheld information, there is a reasonable probability that Brain would have proceeded to exercise his right to trial by jury. Thus, Brian's plea was unknowing, unintelligent, and involuntary because if not for the withholding of material evidence, Brain declares that he would have insisted on going to trial. The conviction and sentence resulting from the plea should be vacated.

**C.     The Applicable Standard for Ineffective Counsel**

8. In *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court held that the two-part test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), applies to cases involving guilty pleas. To prevail on a claim of ineffective assistance of counsel, Brain must show that his counsel's actions fell below an objective standard of reasonableness and that he suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In the context of this claim, the prejudice showing requires that Brain "must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and instead would have insisted on going to trial." *Hill*, 474 U.S. at 59 (1985). The Supreme Court recently clarified that this showing is not contingent on the defendant having a reasonable defense, or any objective likelihood of acquittal, because the error which is being remedied is the "denial of the entire judicial proceeding ... to which [s]he had a right." *Lee v. United States*, 137 S.Ct. 1958, 1965 (2017).

### D. Deficient Performance

9. [If] the Government did [not] withhold the cumulative evidence from defense Counsel, then defense Counsel withheld the evidence from Brian. Here, Defense Counsel was deficient for failing to advise Brian that he enjoyed a potential defense to the majority of offenses alleged in the indictment i.e., because the Government sloppy investigation against him involves lost evidence, destroyed evidence, and reckless and manifestly inaccurate errors at best. In other words, because the Government destroyed the alleged evidence needed to convict, the evidence needed to convict was insufficient. Indeed! The compelling defense overlooked by former counsel and withheld from Brian prejudiced him past cure. Indeed! A defense was available to Brian and defense Counsel failed to inform Brian as such. Here, the circumstances discussed herein present at least two-defenses that would have been available to Brian. In fact, other defendants have successfully presented similar defenses:

> I. **Government Misconduct:** Even if an affiant does not intentionally omit information, "[a] factfinder may infer reckless disregard from circumstances evincing obvious reasons to doubt the veracity of the allegations." *St. Amant v. Thompson*, 390 U.S. 727, 731-32 (1968); *see also Hale v. Fish*, 899 F.2d 390, 400 (5th Cir. 1990) (recklessness may be inferred from omission of facts which are "clearly critical" to a finding of probable cause).
>
> II. **Insufficient Evidence:** See, *United States v. Flyer*, 633 F.3d 911, 2011 U.S. App. LEXIS 2362, Where child pornography images were located in "unallocated space" containing deleted data defendant could not access or download, and no evidence showed he knew those images were on his computer's hard drive, an 18 U.S.C.S. § 2252(a)(4)(B) conviction was reversed; deletion of an image alone was insufficient to show possession on an alleged date.

10. Brain lacked knowledge required under the Fifth Amendment and was denied advice required by the Sixth Amendment's guarantee of effective assistance in this case. Former counsel's failure to advise Brian of his potential defense and instead to advise him to plead guilty to the offense falls below the minimal level of competence required of criminal defense counsel and constitutes deficient performance. Moreover, Counsel did [not] provided

details about the information discussed herein to Brain – never. As such, defense Counsel's performance was deficient at best.

11. At all relevant times, Brian was utterly clueless as to the potential defense to the Government's charges against him. Instead, Brain declares that he only pleaded guilty because his attorney told him that (i) he did not have a defense to the Government's charges; (ii) the Government's evidence against him was overwhelming; and (iii) he would serve the rest of his life in prison if he went to trial. Under these circumstances, counsel's failure constitutes deficient performance and establishes that Brian's plea was unknowing, unintelligent, and involuntary.

### E. Prejudice

12. Absent counsel's acts and omissions, Brian Caputo declares under penalty of perjury that he would have persisted in his plea of not guilty and proceeded to exercise his right to a trial by jury. Moreover, Brian declares that he only accepted the plea offer as a result of counsel's mis-advice and pressure – which convinced him that he had no other viable option. As such, during Brian's Rule 11 hearing, he declares that he admitted to the offense as instructed and coached by defense Counsel because he feared spending the rest of his life in prison. Had counsel discussed the withheld evidence discussed herein, and provided accurate advice, that Brian had a viable defense, there is a reasonable probability that he would have persisted in his plea of not guilty and proceeded to trial by jury.

13. Courts considering this type of mis-advice have uniformly held that counsel must be familiar with the relevant facts and law such that the advice rendered permits the defendant to make an informed and conscious choice to plead guilty. *See, Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986); *United States v. Cavitt,* 550 F.3d 430 (5th Cir. 2008); *Herring v. Estelle,* 491 F.2d 125 (5th Cir. 1974); *Cooks v. United States,* 461 F.2d 530 (5th Cir. 1972); *United States v.*

*Streater*, 70 F.3d 1314 (D.C. Cir. 1995). Absent advice consistent with and supported by such understanding of the relevant facts and law, a defendant's plea cannot be knowing, intelligent, or voluntary, and must be reversed on collateral review. *Id.*

14. This Honorable Court should feel confident that Brian has met the *Hill v. Lockhart* standard, in that counsel's performance was deficient by withholding material evidence and in providing advice that was objectively and practically inaccurate, and that absent such Counsel's acts and omissions, Brian would have proceeded to trial. Respectfully, the facts and the law strongly support Brian's entitlement to relief.

E.     **Prayer for Relief**

For all the reasons stated herein, Brain was deprived of his fundamental rights guaranteed by the Fifth and Sixth Amendments to the United States Constitution in connection with his plea in this case. Brian seeks to vindicate those rights in this Court. Brian has established entitlement to, and respectfully requests vacation of his conviction and sentence. Alternatively, Brian moves this Court for an evidentiary hearing to better develop the record before disposing of this matter.

DATE: 05/27/2021                              Respectfully submitted,

*Brian Caputo*
Brain Caputo[6], BOP No. 71322-097
FCI MARIANNA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7007
MARIANNA, FL  32447

---

[6]    I Brian Caputo, due hereby swear under penalty of perjury that my contentions herein are true and correct and am able and ready to testify to same in a Court of law.

## CERTIFICATE OF SERVICE

I hereby certify that, on 05/28/2021, under the prison mailbox rule, a genuine copy of this instant Motion was delivered to prison authorities, with correct postage affixed thereto, for purposes of mailing same, via legal mail, to the following:

David L Gappa, AUSA United States Attorney's Office
Fresno 2500 Tulare Street Suite 4401
Fresno, CA 93721

Respectfully submitted,

*Brian Caputo*
BRIAN CAPUTO, Reg. No. 71322-097
FCI MARIANNA
FEDERAL CORRECTIONAL INSTITUTION
P.O. BOX 7007
MARIANNA, FL 32447